STATE BOARD OF TAX APPEALS.

CARMEN G. CORRADO, PETITIONER, v. CITY OF HOBOKEN, RESPONDENT.

Decided March 31, 1942.

For the petitioner, *William A. Kaufmann.*

For the respondent, *John J. Fallon* (by *James A. Coolahan* and *Otmar J. Pellett.*

QUINN, President.   On October 1st, 1939, premises at 520 Adams Street in the City of Hoboken, consisting of land and improvements, were owned by that municipality.   Subsequently, during the year 1940, the property was sold by the city to the petitioner herein.   The tax list and duplicate of the City of Hoboken for the year 1940 entered this parcel as owned by the city, and it was marked "exempt" thereon.

These entries were unchanged on the list and duplicate after certification in due course thereof, by the Hudson County Board of Taxation. After the sale to petitioner, the deputy collector of taxes of the city issued an official tax bill for the property to petitioner, purportedly for 1940 taxes, calculated from the date of the conveyance to petitioner, to the end of the calendar year. He also made a memorandum entry on the duplicate as follows: "Proportionate share of the tax in the amount of $537.04, based on the last previous assessment. The last previous assessment on the land was $2,100 and the building $10,000. Added tax."

On August 14th, 1940, petitioner filed a petition of appeal with the Hudson County Board of Taxation, reciting that the property was assessed for 1940 taxes at land, $2,100, building $10,000, total $12,100, and praying for a reduction of the assessed valuation upon the ground that the property was assessed in excess of its true value. This appeal was dismissed by the county board.

The appeal to this board from the judgment of the county board prays for a cancellation of the assessment *in toto*, on the ground that the property was exempt from taxation for the year 1940, having been owned by the taxing district on the assessing day. The appeal is resisted by the city upon two grounds: (a) that the matter of exemption is not arguable before this board, since not raised on the appeal before the county board; (b) that there is no cognizable assessment of the property, for the year 1940, in existence, the property having been marked "exempt" on the tax list and duplicate, and that the board has no jurisdiction to entertain an appeal from an allegedly non-existent assessment. After careful consideration, we conclude that neither of these contentions has merit. We discuss them in the order stated.

(a) The first point is disposed of by the ruling of the board, opinion by the late president of the board, Mr. Weaver, in *Public Service Railway Co.* v. *Township of Weehawken* (1927), *New Jersey Tax Reports,* 1912-1934, *p.* 407, where it was held that the board had jurisdiction to set aside an assessment of utility property, exempted from taxation under *Pamph. L.* 1919, *ch.* 25, and this despite the fact that the

taxpayer's appeal to the county board had as here, sought only a reduction of the assessed valuation, not an exemption from taxation. Mr. Weaver held that the State Board had plenary jurisdiction, in reviewing the county board judgment, over the assessment as an entirety, and could deal with any phase of that subject-matter, rendering such *"judgment"* in the premises as it might "think *proper."* *Pamph. L.* 1906, *ch.* 120, § 10, now *R. S.* 54:2-35; *N. J. S. A.* 54:2-35. We are not prepared to say that the former ruling of the board is not applicable in the present circumstances.

(b) The second contention made by respondent is merely colorable. It urges that there is no jurisdiction in this board to review the county board judgment, for the reason that there was no lawful assessment of the property in the first instance, and that therefore the petitioner cannot be said to have been "aggrieved by the assessed valuation of his property," as is requisite for the maintenance of an appeal before the county board, under *R. S.* 54:3-21; *N. J. S. A.* 54:3-21. The question before us resolves itself into an inquiry as to whether the legislature, in providing for a summary, inexpensive appeal to a tax appeal tribunal by a "taxpayer feeling aggrieved by the assessed valuation of his property," intended to limit this remedy to instances where the statutory assessing methodology was punctiliously complied with by the assessors as to form, and to withhold it where tax enforcement agencies of a municipality attempt to collect an illegal tax without the due preliminary of an entry of the ratable on the tax list and a certification thereof as correct by the county tax board. *R. S.* 54:4-35 to 54:4-47, inclusive; *N. J. S. A.* 54:4-35 to 54:4-47, inclusive. To state the issue is almost to answer it. As recently as in the case of *Ridgewood Elks Holding Corp.* v. *Ridgewood (Court of Errors and Appeals,* 1941), 127 *N. J. L.* 295; 22 *Atl. Rep.* (*2d*) 266, it was held that despite the fact that a municipal assessor entered a parcel of realty as exempt on the tax list, and that the duplicate containing such entry was certified as correct by the county board, the collector could nevertheless subsequently proceed to enter his own notation of an assessment on the duplicate without notice, issue a tax bill thereon, and sell the property for the unpaid

assessment thus made. This practice was sanctioned because of a finding by the court that the property was, as a matter of fact and law, taxable for the said year, and that any irregularity or illegality in the making of the assessment must be disregarded, under *R. S.* 54:4-58 and 54:4-59; *N. J. S. A.* 54:4-58 and 54:4-59. It is thus obvious that the conduct of tax officials may give rise to an "assessment," in a practical sense, despite the most flagrant disregard of the statutory machinery for the making of original assessments or assessments for omitted property.

Our courts have observed that taxation is an intense realty, *Universal Insurance Co.* v. *State Board of Tax Appeals (Supreme Court, 1937)*, 118 *N. J. L.* 538, 541; 193 *Atl. Rep.* 915; *Herdman Motor Co.* v. *State Board of Tax Appeals (Supreme Court, 1937)*, 119 *N. J. L.* 164, 168; 194 *Atl. Rep.* 870. The concept of what constitutes a taxpayer, "aggrieved by the assessed valuation of his property," should thus be dealt with realistically. A taxpayer who has received a tax bill from his taxing district faces a realty as intense as can be readily imagined. If the property is not taxable, he is as much aggrieved by such action on the part of municipal officials arbitrarily acting under color of authority, as though the assessment had been meticulously entered upon the tax duplicate prior to the issuance of the bill. His title is clouded. Collection proceedings may be imminent if he fails to pay. If he pays, though under protest, he is faced with the necessity for a costly law suit for recovery of the moneys should there be no remedy before the statutory tax tribunals for an adjudication as to the lawfulness of the levy. We are convinced that acquiescence in respondent's contention would result in an unfortunate aberration of the legislative intention in enacting tax appeal legislation. We therefore hold the right of appeal exists in the premises.

It remains to consider whether the property was in fact taxable for the year 1940. It is clear that it was not. Taxation of property in this state is based upon the status of the property as of the assessing date, not as of the tax year or any portion thereof. *Jersey City* v. *Montville (Supreme Court, 1913)*, 84 *N. J. L.* 42; 85 *Atl. Rep.* 838. That date in this

case, for the year 1940, was October 1st, 1939, when the property was owned by the city. That fact vested the status of the property as exempt for the entire year 1940. *R. S.* 54:4-3.3, 54:4-1; *N. J. S. A.* 54:4-3.3, 54:4-1. No taxes were lawfully leviable for the year 1940, upon this property, in the hands of any owner thereof. The assessment and all acts done by or under color of authority of the City of Hoboken in furtherance thereof are herewith canceled and set aside as void.

The same disposition will be made in the appeals of Michael Dragovich, Mildred Ferrante, Madison Realty Co., of Hoboken, North Realty Co., Reuben Pinkowitz, Sam Pincus, John Rhode and Fannie Sgherzi, the facts being similar to those herein in all material respects.

Judgments accordingly.