OPINION OF THE COURT
Harold Tompkins, J.
Respondents move to dismiss or, in the alternative, to stay four holdover proceedings[1] brought by petitioner New York University (N.Y.U.), pursuant to CPLR 404 and 3211 (subd [a], par 4) on the ground that there is a prior action pending. The issue presented is whether petitioner’s interposition of a counterclaim for ejectment in a previously instituted Supreme Court declaratory judgment action bars the maintenance of summary proceedings to recover possession of respondents’ units.
Respondents initially commenced a declaratory judgment action in Supreme Court in September, 1982 seeking a declaration that they were residential tenants entitled to the protections of the Loft Law (Multiple Dwelling Law, art 7-C [L 1982, ch 349]). In its amended answer of November, 1982, N.Y.U. interposed a counterclaim for ejectment. N.Y.U. then commenced these holdover proceedings in Civil Court in March, 1983.
*990 Respondents seek to dismiss the instant holdover proceedings. They assert that these proceedings are barred by the ejectment counterclaim pending in Supreme Court. Petitioner opposes dismissal arguing that the Civil Court is the appropriate forum for resolution of this dispute and, further, that it did not choose the Supreme Court as a forum but merely counterclaimed to protect its interest in that litigation.
When Separate actions concerning the same subject matter have been instituted by the same parties in courts having concurrent jurisdiction, the court which first obtains jurisdiction with adequate power to administer full justice should continue to exercise jurisdiction (Colson v Pelgram, 259 NY 370, 375). Under this rule it would appear that judicial economy dictates the dismissal of Civil Court holdover proceedings instituted subsequent to a Supreme Court action affording similar relief. However, the purpose of the summary holdover proceeding is to provide means of obtaining swift determination of disputes between landlords and tenants. A landlord should not necessarily be barred from recourse to expeditious summary procedures simply because a tenant has succeeded in commencing an earlier action in Supreme Court.
No reported case has been found which involves a motion in Civil Court to stay or dismiss the summary proceedings based upon a prior action pending in the Supreme Court. But, the First Department has addressed the question of whether the summary proceeding or Supreme Court action should go forward when a motion is made in Supreme Court to consolidate the two or to stay the summary proceeding.
In Lun Far Co. v Aylesbury Assoc. (40 AD2d 794) the court held that the summary proceeding should not be stayed unless it clearly appears that the relief sought in Supreme Court is unavailable in the summary proceedings. (See, also, Hotel New Yorker Pharmacy v New Yorker Hotel Corp., 40 AD2d 967.) The court reasoned that there is no basis for removing the summary proceeding from the Civil Court where a prompt and expeditious determination may be had. “The ends of justice are always promoted by *991 the speedy trial of an action.” (Hotel New Yorker Pharmacy v New Yorker Hotel Corp., supra, p 968.)
The declaratory relief sought in the Supreme Court is technically unavailable in the summary proceeding, but as a practical matter, its equivalent, i.e., a finding of 7-C coverage of a judgment of possession of the premises, is available in Civil Court. The facts here would support a finding that the summary proceeding should go forward were it not for the counterclaim for ejectment.[2]
Landlord N.Y.U. is not barred from initiating summary proceeding simply because respondents tenants instituted a Supreme Court action first. The reason the summary proceeding is barred because by counterclaiming for ejectment in the Supreme Court action N.Y.U. affirmatively invoked that court’s jurisdiction to resolve the issue of possession of the premises in question.
N.Y.U.’s argument that it counterclaimed for ejectment to protect its interests in the original action is without merit. CPLR 3019 (subd [d]) states that a counterclaim is to be treated as if it were contained in a complaint. Moreover, there is no compulsory counterclaim rule in New York. A failure to counterclaim in the Supreme Court action would not bar the maintenance of a subsequent action or proceeding thereon. (Frank M. Herbert, Inc. v M & P Scrap Iron & Metal Corp., 41 Misc 2d 1020; Brown v Gallaudet, 80 NY 413.)
In this situation the principle enunciated in Colson v Pelgram (259 NY 370, supra) controls. The Supreme Court was the first court with the power to administer complete relief to exercise jurisdiction and that action shall proceed. The summary proceeding is stayed pending the outcome of the Supreme Court action.

. Index numbers L&T 36630/83, 36631/83, 36632/83, 36633/83 are consolidated for purposes of disposition of the motions to dismiss the petitions.

. Although the court decides the motion to dismiss or stay the summary proceeding on different grounds it notes that there is authority that the commencement of an ejectment action extinguishes the landlord-tenant relationship and bars the maintenance of a subsequent summary proceeding. (Rasch, NY Landlord & Tenant [2d ed], § 1077; Janes v Paddell, 74 Misc 409.) However, in Janes v Paddell (supra) the landlord was proceeding under inconsistent theories seeking possession by way of the ejectment action and subsequently bringing a nonpayment proceeding.