EFROS, APPELLEE, *v.* NATIONWIDE CORPORATION ET AL., APPELLANTS.

[Cite as Efros *v.* Nationwide Corp. (1984), 12 Ohio St. 3d 191.]

(No. 83-1355—Decided July 25, 1984.)

192

*Messrs. Guren, Merritt, Feibel, Sogg & Cohen, Mr. Kenneth R. Cookson, Gene Mesh Co., L.P.A., Mr. Gene Mesh, Mr. Mark Huller* and *Mr. Richard S. Wayne,* for appellee.

*Messrs. Crabbe, Brown, Jones, Potts & Schmidt, Mr. William J. Brown, Messrs. Kirkland & Ellis, Mr. Jeffrey S. Davidson, Mr. Daniel F. Attridge* and *Mr. John T. Whatley,* for appellants.

CLIFFORD F. BROWN, J. The question raised by this appeal is whether an action, filed in a state court, is subject to dismissal due to the pendency of a similar action between the same parties in a federal court. We hold that it is not.

The law in Ohio is well-settled that where the same action is filed in two state courts having concurrent jurisdiction, the court which first acquired jurisdiction maintains such jurisdiction to the exclusion of a court where the subsequent action is brought. *State, ex rel. Phillips,* v. *Polcar* (1977), 50 Ohio St. 2d 279 [4 O.O.3d 445]. However, the question of whether this "priority

principle" applies where the same action is brought in both a state court and a federal court has never been directly addressed by this court.

The so-called federal rule provides that where the action is strictly *in personam* (as here), and where both courts have concurrent jurisdiction, both the federal and state courts may proceed concurrently with the litigation, at least until judgment is obtained in one of them which may be raised as *res judicata* as to the other. See *Princess Lida* v. *Thompson* (1939), 305 U.S. 456, 466. The rationale supporting this rule is that federal and state courts are separate and distinct jurisdictional sovereignties and are thus analogous to courts of different states. See *Kline* v. *Burke Constr. Co.* (1922), 260 U.S. 226.

The court of appeals in the instant case held that the federal rule was inapplicable to these facts since the two courts did not have concurrent jurisdiction. Its reasoning was that the general, original jurisdiction of the court of common pleas is superior to that of the federal court, which is merely pendent. We find this distinction to be unsupported by any real policy justifications or any basis beyond a merely technical one. Both courts here have jurisdiction over the respective actions. Whether pendent jurisdiction is "equal" to original jurisdiction is not a compelling consideration. The jurisdiction of each court is concurrent with the other in this case.

The court of appeals, having ruled that concurrent jurisdiction did not exist here, concluded that it was therefore error to dismiss appellee's complaint, since the priority principle in *Phillips, supra,* requires such jurisdiction before dismissal of one action becomes proper. The appellate court, in addition to the erroneous holding that jurisdiction was not concurrent, erred in applying the *Phillips* decision to these facts. *Phillips* is not relevant to the instant cause, as it involved competing jurisdiction between two courts of the same state. Where the same action is filed in federal court and state court, entirely different policy considerations arise, rendering *Phillips* inapposite. The important distinction lies in the fact that in *Phillips,* the two courts were of the same sovereign, whereas in the instant cause, each court answers to a separate and independent sovereign. The court of appeals' application of the priority principle of *Phillips* to reinstate appellee's cause of action in the court of common pleas was therefore ill-advised, although we reach the same result by utilizing the more appropriate federal rule.

The federal rule, as noted previously, provides that the pendency of a prior *in personam* action in federal court does not bar the same suit between the same parties in a state court. Applying this rule to the instant cause, we conclude that appellee's action should have been permitted to proceed to a final judgment in the court of common pleas, regardless of the pendency of the similar action in the federal district court, and regardless of which court first acquired jurisdiction. The dismissal of appellee's action by the court of common pleas was therefore improper.

Accordingly, the judgment of the court of appeals is affirmed, albeit on a different basis, and the cause is remanded to the trial court for further pro-

ceedings consistent with this opinion. We note that the trial court may, if it deems appropriate, grant a stay of the proceedings pending resolution of this cause in the federal court, in the interest of comity and judicial economy.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER and J. P. CELEBREZZE, JJ., concur.

W. BROWN and HOLMES, JJ., concur in judgment only.