70220. CREEL et al. v. WELKER & ASSOCIATES, INC. et al.
(332 SE2d 5)

BIRDSONG, Presiding Judge.

Plaintiffs, Robert and Denise Creel, Billy and Belinda Teston, and Calvin and Jan Walker, brought this action on December 26, 1984, in Colquitt County, for damages resulting from a fire occurring during the re-routing of a gas main in the city of Dublin, Georgia. Creel, Teston, and Walker were employees of the city and were wearing work clothing manufactured and distributed by defendants, Riverside Manufacturing Company, Riverside Uniform Rentals, and Riverside Industries. Those three companies have their principal place of business in Colquitt County. Defendant Welker & Assoc. has its principal place of business in Cobb County, Georgia.

Prior to plaintiffs filing this joint complaint in Colquitt County, they filed three separate actions in Cobb Superior Court on August 3, 1984. This present joint action was brought in three counts, each count alleging the action of a different husband and wife. However, the joint action in Colquitt County had the same plaintiffs and same defendants and was on the same cause of action as the three complaints in the Cobb County actions.

Defendants moved to dismiss the Colquitt County action based on pendency of the Cobb County actions. After hearing and argument, this action was dismissed. Plaintiffs bring this appeal. *Held*:

The Georgia Code provides that "[n]o plaintiff may prosecute two actions in the courts at the same time for the same cause of action and against the same party. . . . If two such actions are commenced at different times, the pendency of the former shall be a good defense to the latter." OCGA § 9-2-5. These actions were filed at different times, and the Cobb County action did involve the same plaintiffs, the same defendants, and the same cause of action. The fact that the Cobb County actions were brought separately by these same plaintiffs now combined in one action in Colquitt County is a difference without a distinction. They are the same parties on the same cause of action.

Counsel for plaintiffs explained that the Colquitt County suit "was filed as a protective suit to protect the appellants/plaintiffs in the event of a vanishing jurisdiction problem" which could arise if a verdict in the Cobb action was returned against only the non-resident defendants. While we can appreciate the problem faced by the plaintiffs, we are also aware of the problem faced by defendants in being required to defend two actions, in two places, against the same plaintiffs, arising from the same incident. Our Supreme Court addressed this issue in *Wilson v. Atlanta, Knoxville &c. R. Co.*, 115 Ga. 171, 179-180 (41 SE 699), wherein they cited the old English rule which "charged the plaintiff with the necessity of having *a knowledge of the law* as to when to sue, where to sue, and how to sue. If he made experiments he did so at his peril, and could not bring a second suit without first electing to dismiss one already brought. . . . To allow a plaintiff, uncertain as to where to sue, to bring an action in one court and keep it pending there until he can, in another suit brought in a different court, ascertain by judicial determination which of the two suits was properly brought, would be to permit a practice so obviously oppressive and unjust that we can not give the same our sanction." The trial court properly dismissed this action based upon pendency of the Cobb County action. *Dawson v. McCart*, 169 Ga. App. 434 (1) (313 SE2d 135); *Jones v. Rich's*, 81 Ga. App. 841, 844-846 (60 SE2d 402).

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED APRIL 30, 1985 —
REHEARING DENIED MAY 29, 1985 —

*Ralph F. Simpson, Foy R. Devine, Manley F. Brown*, for appellants.

*John A. Howard, Scott E. Tinnon, F. Carlton King, Jr.,* for appellees.