MARTIN, APPELLANT, *v.*
BOGGS, APPELLEE.

(No. 2205—Decided June 3, 1987.)

*Robert Martin,* pro se.
*Robert Berry,* for appellee.

MAHONEY, P.J. Appellant, Robert Martin, challenges an order of the Wayne County Court of Common Pleas dismissing his slander action against appellee, Larry Boggs. We reverse and remand.

Facts

On June 6, 1986, Robert Martin filed a civil rights action in the United States District Court, Southern District of Ohio, Eastern Division, against Chief Larry Boggs of the Rittman Police Department, pursuant to Sections 1983, 1985, 1986 and 1981, Title 42, U.S. Code. In his complaint, Martin alleged that Boggs had violated his constitutional and civil rights by informing the Adult Parole Authority as well as Martin's landlord that rape charges had been filed against Martin. Such statements, Martin contended, caused revocation of his parole and termination of his lease.

Martin then, on September 2, 1986, filed a slander action against Boggs in the Wayne County Court of Common Pleas based on the same factual allegations. On September 12, 1986, Boggs filed a motion to dismiss the complaint. He asserted that while the state court and federal court have concurrent jurisdiction over the subject matter of this lawsuit, comity and judicial economy require that the entire action be resolved in federal court where jurisdiction first attached. The trial court agreed and, accordingly, dismissed Martin's slander action.

## Assignment of Error

"The trial court erred to the prejudice of appellant by dismissing his complaint as barred by a prior action in federal court, where the causes of action and issues were not identical and no prior judgment had been entered in the prior action."

In his sole assignment of error, Martin contends that his slander action, filed in state court, is not subject to dismissal due to the pendency of the civil rights action he filed in federal district court based upon the same factual allegations. This court agrees.

The United States Supreme Court, in *United Mine Workers of America* v. *Gibbs* (1966), 383 U.S. 715, 725, empowered federal courts, through the doctrine of pendent jurisdiction, to exercise jurisdiction over state claims when the federal and state claims "derive from a common nucleus of operative fact." The court continued, "* * * if, considered without regard to their federal or state character, a plaintiff's claims are. such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole." (Emphasis *sic*; footnote omitted.) *Id.* The federal court, however, need not exercise its jurisdiction to hear state claims in every case. *Id.* at 726. Considerations of judicial economy as well as convenience and fairness to litigants should guide a federal court in determining whether to assume jurisdiction. *Id.*

*United Mine Workers,* accordingly, does not require federal courts to adjudicate pendent state claims. Neither does it require litigants to assert, in federal court, federal and state causes of action which "derive from a common nucleus of operative fact[s]." Thus, Martin was not required to assert his state-law-based slander suit in federal court due to the fact that he had previously filed a civil rights action in federal court based on the same factual circumstances.

Moreover, the recent Ohio Supreme Court decision of *Efros* v. *Nationwide Corp.* (1984), 12 Ohio St. 3d 191, 12 OBR 257, 465 N.E. 2d 1309, lends support to this court's holding that the trial court erred in dismissing Martin's slander action. In *Efros,* the plaintiff filed four causes of action in federal court with the fourth being a cause of action for breach of fiduciary duty based on Ohio law. The plaintiff then filed a second complaint in the Franklin County Court of Common Pleas, alleging the same breach of fiduciary duty against the same defendants. The common pleas court dismissed the action on the basis that the plaintiff had previously filed the same cause of action in federal court.

The Supreme Court held the dismissal was error. The court determined that the plaintiff was entitled to proceed to final judgment on her *in personam,* state-law-based action in common pleas court, regardless of the pendency of the same action in federal court, and regardless of which court first acquired jurisdiction. *Id.* at 193, 12 OBR at 259, 465 N.E. 2d at 1311.

Thus, it appears that Martin is in a stronger position to be entitled to proceed to final judgment in common pleas court on his slander action since he, unlike the plaintiff in *Efros,* did not even file his slander action in federal court. The action that Martin filed in federal court, although based on the same factual circumstances, differs from his state-law-based slander action. The trial court, consequently, erred in dismissing Martin's complaint.

## Summary

Martin's assignment of error is well-taken. The judgment of dismissal is vacated and this cause is remanded

to the trial court for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

BAIRD and GEORGE, JJ., concur.