UNION CITY ASSOCIATES, PLAINTIFF-RESPONDENT AND
CROSS-APPELLANT, v. CITY OF UNION CITY,
DEFENDANT-APPELLANT AND CROSS-RESPONDENT.

Argued January 18, 1989—Decided April 27, 1989.

*Herbert H. Fine* argued the cause for appellant and cross-respondent.

*Steven R. Irwin* argued the cause for respondent and cross-appellant (*Mandelbaum & Mandelbaum,* attorneys).

The opinion of the Court was delivered by

GARIBALDI, J.

*N.J.S.A.* 54:3–21 provides that a taxpayer, challenging a tax assessment on real property assessed at $750,000 or more, may elect to appeal the assessment to either the Tax Court or the county board of taxation. The issue here is whether a taxpayer who initially files a timely complaint in the Tax Court and then subsequently files a complaint in the county board of taxation may simultaneously maintain identical appeals in both forums. We find that the Legislature intended to bind the taxpayer by his election and that the taxpayer may not maintain identical appeals in both forums.

## I

Union City Associates ("taxpayer") is the present owner of property located at Block 22, Lot 1, on Central Avenue in Union City, Hudson County. In 1983, while the property was owned by Washington Park Urban Renewal ("Washington Park"), the City of Union City ("taxing district") assessed the property at $2,700,000. Later that year, the property was sold to West Park Washington Corporation ("West Park").

On August 11, 1983, Washington Park filed a direct appeal to the Tax Court pursuant to *N.J.S.A.* 54:3–21, challenging the taxing district's 1983 assessment. On August 15, 1983, West Park, a recent purchaser of the property, also filed a direct appeal in the Tax Court challenging the same assessment. Eleven days later, on August 26, 1983,[1] while both appeals were pending, West Park filed an appeal with the Hudson County Board of Taxation ("county board"), seeking the same relief it had already sought in the Tax Court. No stay of the Tax Court proceeding was requested. The same attorney filed both appeals on behalf of West Park. On October 13, 1983, two weeks before the county board hearing, Washington Park, which had sold the property by that time, requested the withdrawal of its Tax Court complaint. On November 17, 1983, the Tax Court issued Washington Park a judgment of dismissal.

---

[1]Normally, appeals of tax assessments must be filed by August 15 of the tax year. *N.J.S.A.* 54:3–21. However, *N.J.S.A.* 54:3–21.4 provides in part:

a county board of taxation may, upon the written application of the taxpayer and the approval of the Director of the Division of Taxation, extend the time for appeal provided in R.S. 54:3–21 for any taxpayer feeling aggrieved by the assessed valuation of his property, or feeling that he is discriminated against by the assessed valuation of other property in the county, whenever a local taxing district fails, for any reason, to mail or otherwise deliver a tax bill to such taxpayer before July 15.

*N.J.S.A.* 54:3–21.5 adds "that no such extension shall be for more than thirty days from the date provided by law."

In this case, the Hudson County tax bills for 1983 were mailed out after July 15. Thus, the time to appeal an assessment was extended 30 days from August 15.

On October 28, 1983, the county board held a hearing. Exactly what occurred at the hearing is in dispute.[2] It is undisputed that there was no trial, no testimony taken, no appraisals submitted, and that the county board entered a judgment marked "affirmed as assessed." The reason for the judgment as indicated by the county board's judgment code was "No change in assessment." The taxing district argues that the parties agreed to have the county board issue a judgment of affirmance merely as a matter of convenience while they awaited resolution of the pending Tax Court complaint. Taxpayer, on the other hand, claims that the county board issued a judgment on the merits. Neither party appealed the county board's judgment.

Approximately one year after the county-board hearing, West Park sought to withdraw its Tax Court complaint appealing the 1983 tax assessment. On December 7, 1984, a Tax Court judgment was entered dismissing the complaint.

For the tax year 1985, the property was reassessed by the taxing district at $3,700,000. This represented an increase of $1,000,000 over the 1983 assessment affirmed by the county board. Taxpayer, the new owner, did not immediately appeal the assessment. On March 19, 1986, however, relying on the 1983 county board judgment, taxpayer filed a complaint in the Tax Court challenging the 1985 assessment as violating the Freeze Act.[3] The taxing district did not file a timely deflecting

---

[2]Although the Hudson County Board tape records all tax appeal hearings, *N.J.S.A.* 54:3–14, the tapes are stored for only two years, after which time they are erased and reused.

[3]*N.J.S.A.* 54:3–26, known as the Freeze Act, provides that

[w]here no request for review is taken to the Tax Court to review the action or determination of the county board involving real property the judgment of the county board shall be conclusive and binding upon the municipal assessor and the taxing district for the assessment year, and for the 2 assessment years succeeding the assessment year, covered by the judgment, except as to changes in the value of the property occurring after the assessment date. Where such changes are alleged the petition of

complaint alleging that the Freeze Act was not applicable because the property increased, in value after the base year assessment. Nevertheless, the taxing district contends that the Freeze Act is inapplicable because the 1983 judgment was not an "action or determination" sufficient to support a Freeze Act judgment for 1985. Both parties moved for summary judgment.

The Tax Court dismissed taxpayer's Freeze Act application on the ground that the county board's judgment was void for want of subject matter jurisdiction. *Union City Assocs. v. Union City*, 8 *N.J. Tax* 583, 593 (1986). The court reasoned that *N.J.S.A.* 54:3–21 authorizes a taxpayer whose property assessment exceeds $750,000 to file either a direct appeal in the Tax Court or an appeal before the county board, but not both. *Id.* at 591.

The Appellate Division reversed the Tax Court, concluding that the language of *N.J.S.A.* 54:3–21 imposed no restriction on the entitlement of the taxpayer or the taxing district to use either forum, provided the appeal was timely made and the assessment exceeded $750,000. *Union City Assocs. v. Union City*, 223 *N.J.Super.* 316, 321 (1988). It found that the statute does not "support the view that filing in the Tax Court automatically preempts the jurisdiction of a county tax board." *Ibid.*

The Appellate Division remanded to the Tax Court for disposition of the remaining issues. In particular, the court emphasized the importance of clarifying the circumstances surrounding the county board's entry of judgment. *Id.* at 322. It indicated that the judgment would have been subject to Freeze Act application only if the judgment had come after a trial or as

---

appeal shall specifically set forth the nature of the changes relied upon as the basis for such appeal. However, the conclusive and binding effect of such judgment shall terminate with the tax year immediately preceding the year in which a program for a complete revaluation of all real property within the district has been put into effect.

a result of a settlement or by consent, and not if it was entered merely as a "housekeeping matter." *Ibid.* The court also reasoned that if the Tax Court found that the taxing district was somehow misled about the nature of the proceeding, then the Tax Court "might excuse the taxing district's failure to take timely action deflecting a Freeze Act application." *Ibid.*

We granted the taxing district's petition for certification, 111 *N.J.* 607 (1988), in which it argues that the Appellate Division erred when it held that *N.J.S.A.* 54:3–21 permits simultaneous jurisdiction of appeals filed by the same party in the Tax Court and the county board. Likewise, we granted taxpayer's cross-petition for certification, *ibid.*, in which the taxpayer maintains that the Appellate Division incorrectly suggested that the Tax Court "might excuse" the taxing district's failure to file an otherwise time-barred anti-freeze complaint if the Tax Court makes certain factual findings on remand.

## II

The county boards of taxation were created and approved by the Legislature in 1906. *L.* 1906, *c.* 120. They "are not part of New Jersey's judicial branch of government; however, in hearing tax appeals, county boards are administrative agencies that exercise *quasi*-judicial jurisdiction." *Vicari v. Bethlehem Township,* 8 *N.J. Tax* 513, 518 (1986) (citing *N.J.S.A.* 54:3–1 to –31). A taxpayer "aggrieved" by an assessment, or either a taxpayer or taxing district "feeling discriminated against" by an assessment, may appeal as of right to the county board challenging the assessment. *N.J.S.A.* 54:3–21. Prior to 1979, a county-board judgment could be appealed only to the Division of Tax Appeals, which was part of the Department of the Treasury, a state administrative agency. *L.* 1978, *c.* 33, § 3.

In 1976 the New Jersey Senate created a special committee on tax-appeal procedures to study and make recommendations for the professionalization, modernization, and improvement of the tax appeal procedure. Senate Resolution No. 30 (August

12, 1976). The Special Committee cited many problems with the Division of Tax Appeals, including the fact that the "workload of the Division of Tax Appeals has reached crisis proportions," creating a backlog of appeals of four to five years. Report of the Special Committee on Tax Appeals Procedure of the New Jersey Senate, *Tax Appeals in New Jersey: A Critique and a Program for Legislative Action*, 16–17 (June 26, 1977).

As a result of this study, in 1979 the New Jersey Legislature established the Tax Court "as an inferior court of limited jurisdiction pursuant to Article IV, section 1, paragraph 1 of the New Jersey Constitution." *N.J.S.A.* 2A:3A–1; *L.* 1978, *c.* 33, § 1, eff. July 1, 1979. The Legislature simultaneously abolished the Division of Tax Appeals and provided that "[t]he tax court shall have jurisdiction to hear and determine all tax appeals of such character as are now taken to, and heard and determined by, the Division of Tax Appeals in the Department of the Treasury." *N.J.S.A.* 2A:3A–3. The Tax Court was given the authority "to grant legal and equitable relief so that all matters in controversy between the parties may be completely determined." *N.J.S.A.* 2A:3A–4(a). *See generally Alid, Inc. v. North Bergen Township*, 180 *N.J.Super.* 592, 600–05 (App. Div.) (discussion of the Tax Court's equitable jurisdiction), appeal dismissed, 89 *N.J.* 388 (1981). Moreover, the Legislature provided that the Tax Court "shall hear and determine all issues of fact and law de novo." *N.J.S.A.* 2A:3A–4(b).

In 1979, as a companion measure to the creation of the Tax Court, the Legislature amended *N.J.S.A.* 54:3–21 to allow direct appeals to the Tax Court. *L.* 1979, *c.* 113. As amended, *N.J.S.A.* 54:3–21 reads as follows:

A taxpayer feeling aggrieved by the assessed valuation of his property, or feeling that he is discriminated against by the assessed valuation of other property in the county, or a taxing district which may feel discriminated against by the assessed valuation of property in the taxing district, or by the assessed valuation of property in another taxing district in the county, may, on or before August 15, appeal to the county board of taxation by filing with it a petition of appeal; *provided, however, that any such taxpayer or taxing district may, on or before August 15, file a complaint directly with the tax court, if the*

assessed valuation of the property subject to the appeal exceeds $750,000.00, and any party to an appeal pending on July 1, 1979 before a county board of taxation in which the assessed valuation of the property involved exceeds $750,000.00 shall be entitled, upon application to the county board, to have the appeal transferred to the tax court by the county board. All appeals to the tax court hereunder shall be in accordance with the provisions of the State Tax Uniform Procedure Law, R.S. 54:48-1 et seq. [Emphasis supplied]

▉ Under *N.J.S.A.* 54:3–21 a taxpayer whose property is assessed at $750,000 or more clearly is entitled to file an appeal challenging a tax assessment in either the Tax Court or the county board of taxation. The issue in this case is whether the Legislature intended to allow a taxpayer to pursue simultaneously identical appeals in both forums. We think not. Based on the statutory language, scheme, and legislative history of *N.J.S.A.* 54:3–21, we find that the Legislature intended to provide exclusive jurisdiction over the matter to the forum in which the taxpayer initially elects to file his appeal. To find otherwise would defeat the Legislature's purpose in creating the Tax Court.

It is axiomatic that in construing a statute one first considers its plain language. *Kimmelman v. Henkels & McCoy, Inc.,* 108 *N.J.* 123, 128 (1987); *Renz v. Penn Central Corp.,* 87 *N.J.* 437, 440 (1981). *N.J.S.A.* 54:3–21 distinguishes between taxpayers who filed appeals prior to July 1, 1979, and those who file after that date. Specifically, *N.J.S.A.* 54:3–21 provides that "any party to an appeal [exceeding $750,000] pending on July 1, 1979 before a county board ... shall be entitled ..., to have the appeal transferred to the tax court by the county board." An early version of the direct-appeals legislation did not contain a cutoff date. Based on the recommendation of Governor Byrne, the Legislature amended the bill to provide explicitly that transfer to the Tax Court would not be permitted after July 1, 1979. In his message to the Legislature, the Governor stated:

While I support the concept of the legislation, several amendments are needed.

\*      \*      \*      \*      \*      \*      \*      \*

Further, the bill states that "an appeal pending" before a county board of taxation may be transferred to the tax court. Some confusion could occur about when the appeal is considered "pending" to enable such a transfer to take place. I am recommending an amendment to make clear that this provision applies to matters pending on the effective date of this act, July 1, 1979.

In adopting this amendment, the Legislature apparently foresaw the possibility of duplicative filing by the same party.[4] The controlling statute, *N.J.S.A.* 54:3–21, creates a July 1, 1979, cutoff date for "transferring" a matter pending before the county board to the Tax Court. After that date, a taxpayer who has filed an appeal in the county board is precluded from having the case heard in the Tax Court. To deny a taxpayer the right to transfer while permitting that taxpayer to file a duplicative appeal with the Tax Court renders the statutory scheme internally inconsistent. A construction that will render any part of a statute inoperative, superfluous, or meaningless is to be avoided. *Paper Mill Playhouse v. Millburn Township*, 95 *N.J.* 503, 521 (1984); *Camden City v. Director, Div. of Taxation*, 4 *N.J. Tax* 458, 468 (1982).

Moreover, to allow a taxpayer to maintain appeals simultaneously in both the Tax Court and the county board would lead to a confusing result. In Tax Court appeals, both assessments and county board judgments are entitled to a presumption of correctness. *Pantasote Co. v. City of Passaic*, 100 *N.J.* 408, 413 (1985); *Herman Holding Corp. v. Borough of Montvale*, 5 *N.J. Tax* 199, 203 (1983). Accordingly, "if dual subject matter jurisdiction were allowed, the Tax Court could be faced with a

---

[4]We recognize that a situation may arise in which the taxing district and the taxpayer appeal the same assessment in different forums. *See, e.g., W.C.I.— Westinghouse v. Edison,* 7 *N.J. Tax* 610 (1985), aff'd, 9 *N.J. Tax* 86 (App.Div. 1987); *see also* 118 *N.J.L.J.* 2, 30 (July 24, 1986) (Supreme Court Committee of the Tax Court recommended that *N.J.S.A.* 54:3–21 be amended to provide that "if one party appeals to the Tax Court, the Tax Court then has jurisdiction of the entire case" in order to correct the "procedural deficiency" that may arise where one party appeals to the Tax Court and the other party appeals to the county tax board). We need not decide such a case at the present time. The only issue before us is whether the *same* taxpayer may file an appeal in both the county board and the Tax Court.

county board judgment for a different amount than the assessment. Yet, they would both be presumed correct." *Union City, supra,* 8 *N.J. Tax* at 592.

Furthermore, duplicative appeals are inconsistent with the legislative purpose of expediting the tax-appeals process. The creation of the Tax Court in 1979 was heralded as a "major tax reform." The measure was passed to "help streamline and speed up the process of appeals." Press Release, Office of the Governor, June 13, 1979. In particular, the introduction of direct appeals to the Tax Court was viewed as a means of saving time in disposing of large tax appeals. S. Glaser, "New Jersey's Tax Court," 89 *N.J. Lawyer* 34, 37 (1979). Permitting dual subject matter jurisdiction would enable a taxpayer to drag out the appeals process and would subject the taxing district to the burdensome task of defending two appeals.

Our holding with respect to *N.J.S.A.* 54:3–21 fits comfortably with the commonly-held principle that where two courts in the same state have concurrent jurisdiction over a matter, the court in which jurisdiction is first invoked obtains exclusive jurisdiction. *Taylor v. State,* 448 *So.*2d 397, 398 (Ala.App.1984); *Lawyers Title Ins. Corp. v. Superior Court,* 151 *Cal.App.*3d 455, 457–58, 199 *Cal.Rptr.* 1, 4 (1984); *Mabie v. Garden Street Management Corp.,* 397 *So.*2d 920, 921 (Fla.1981); *Creel v. Welker & Assocs., Inc.,* 174 *Ga.App.* 877, 878–79, 332 *S.E.*2d 5, 6 (1985); *Jordan v. Hamada,* 64 *Haw.* 446, 448–49, 643 *P.*2d 70, 72 (1982); *New York Univ. v. Molner,* 119 *Misc.*2d 989, 464 *N.Y.S.*2d 984, 985 (Civ.Ct.1983); *Efros v. Nationwide Corp.,* 12 *Ohio St.*3d 191, 465 *N.E.*2d 1309, 1311 (1984). For example, in *Creel v. Welker & Associates, Inc., supra,* the plaintiffs filed identical actions against the defendant in two different county courts. The court held that the second action should be dismissed while jurisdiction was pending in the first, because it would be "oppressive and unjust" to make the defendant defend two identical actions. 174 *Ga.App.* at 879, 332 *S.E.*2d at 7.

Some of the policy concerns underlying our decision are echoed in *Crispin v. Volkswagenwerk, A.G.*, 96 *N.J.* 336 (1984). Discussing the entire controversy doctrine, Justice Handler wrote in concurrence:

> It has been recognized that the underlying principles of the doctrine—'finality and repose; prevention of needless litigation; avoidance of duplication; reduction of unnecessary burdens of time and expenses; elimination of conflicts, confusion and uncertainty; and basic fairness'—have a central place in the adjudication of all legal controversies. [96 *N.J.* at 350, 351 (citing *City of Hackensack v. Winner*, 82 *N.J.* 1, 32–33 (1980)).]

In *Crispin*, the plaintiff attempted to sue the defendant in Bergen County, having failed to join the defendant in a related action in Union County. We held that the entire controversy doctrine should come into play when, as in that case, the litigant has already sued a party in another related action, noting that "[a] party should not be permitted to maintain such independent action when a directly related suit is pending." 96 *N.J.* at 343.

New Jersey has long been committed to the goals of judicial economy and fairness to the parties. The burden of appearing in both the Tax Court and the county board will increase the time and expense of litigating a case, a significant concern not only to taxpayers but also to municipalities in these days of limited municipal resources. The taxpayer is not deprived of any constitutional right to due process. He or she receives a hearing in the forum chosen. But the taxpayer may not take two bites out of the apple and confuse and delay the proceedings.[5]

---

[5]We recognize that the county board must hear and decide the appeal within three months of the filing. *N.J.S.A.* 54:3–26. On expiration of the three-month period, the county board loses jurisdiction. *Danis v. Middlesex County Bd. of Taxation*, 113 *N.J.Super.* 6, 9 (App.Div.1971); *Vicari, supra*, 8 *N.J. Tax* at 517. By contrast, the Tax Court "may, on or after April 1 next following the filing of the complaint, proceed to hear and determine all issues raised therein." *N.J.S.A.* 54:51A–2. The Tax Court rules also provide for more complete discovery than is available in the county board hearing. *See R.* 8:6–1. The taxpayer must decide in which forum he or she wishes to proceed.

## III

In sum, we conclude that a taxpayer with property assessed at $750,000 or more may not appeal a tax assessment in *both* the Tax Court and the county board of taxation. To conclude otherwise would produce a result that is confusing, uncertain, and burdensome on the taxing district and totally inconsistent with the Legislature's intention in creating the Tax Court. Under *N.J.S.A.* 54:3-21 a taxpayer may elect to bring a direct appeal in the Tax Court or before the county board. Once the taxpayer chooses a forum, however, he or she is bound by that choice, and may not maintain identical appeals in both forums.

In this case, West Park intentionally filed direct appeals in both the Tax Court and the county board of taxation. Because it initially elected to have the matter disposed of in the Tax Court, the Tax Court retained exclusive jurisdiction to decide the appeal. Thus, the county board had no jurisdiction, and its judgment was a nullity. The plaintiff, West Park's successor, may not rely on the county-board judgment to invoke the Freeze Act to preclude an increased assessment.

Because we find that the county board lacked jurisdiction, we do not address the issue raised by the plaintiff in its cross-petition.

The judgment of the Appellate Division is reversed.

*For reversal*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed*—None.