In the Matter of the Application of MARY McC. KENNELLY et al., Petitioners. THEODORO ADVERTISING SERVICE, INC., Respondent.

Supreme Court, Special Term, New York County, February 28, 1950.

*Wm. Peyton Marin* for petitioners.

*David Mackay* and *George Soll* for respondent.

HOFSTADTER, J.   The petitioners move to stay an arbitration to determine the fair value of their stock in the respondent and its sale to the respondent at such value, pursuant to an agreement giving the respondent the option to buy the stock on the cessation by the petitioners of their active association with the respondent.   They urge that, since the respondent has only an option and is not bound to buy their stock, the agreement lacks mutuality and is not an arbitration agreement within the purview of article 84 of the Civil Practice Act.   In my opinion, this contention is without merit.

The agreement is not void for lack of mutuality, being supported by mutual covenants.   The mere presence of the option does not destroy its efficacy as a mutually binding instrument, imposing on the parties the obligations assumed, some immediately and unconditionally operative, others, to be sure, subject to the option feature.

Nor is the pendency of the derivative stockholders' action brought by the petitioners on behalf of the respondent a bar to the respondent's right to arbitration of the reasonable value of the stock, though the merits of the claims asserted in such

action may well have a bearing on the value of the stock. That will, of course, be an issue to be resolved in the arbitration. The motion for a stay by the petitioner Mary McClung Kennelly must, therefore, be denied.

The position of the petitioner Edward C. Kennelly is, however, different. He ceased his active association with the respondent on June 2, 1949. Admittedly, the respondent did not notify him of its election to exercise the option to buy his stock until December 16, 1949. The agreement, however, required the respondent to give the notice within sixty days after the cessation of his association. The clear language of the agreement excludes the interpretation advocated by the respondent that if the petitioners severed their association at different times, notice given within sixty days after the second and later severance would still be timely. The repeated use in the agreement of the phrase, '' Kennelly, McClung, or both, as the case may be '', manifests an unmistakable intention to treat the termination by either of the petitioners of their relation with the respondent, as contrasted with a termination by both, as a separable event, and to give the respondent the immediate right to acquire the stock of the one so terminating his or her relation. Unless so read, the words '' as the case may be '' become meaningless.

I cannot accept the respondent's contention that, because the agreement contains a general arbitration clause in addition to the specific provision for the fixing of the fair value of the stock by arbitration in the case of the inability of the parties to agree on such value, the timeliness of its exercise of the option becomes an issue for determination by the arbitrator. Of course, when an arbitrable controversy arises under a broad arbitration clause all issues, legal as well as factual, are for the arbitrator (*Matter of Wenger & Co.* v. *Propper Silk Hosiery Mills*, 239 N. Y. 199; *Matter of Raphael* [*Silberberg*], 274 App. Div. 625). But a comprehensive arbitration clause does not necessarily bring within its orbit every dispute between the parties. Whether the parties have by their agreement committed a particular dispute to arbitration is a question for the court, properly raised on a motion to stay arbitration. When it is determined that the agreement, either in express terms or by necessary implication, withdraws a given controversy from arbitration, the court will stay the arbitration (*Matter of General Elec. Co.* [*United Elec., etc., Workers*], 300 N. Y. 262; *Matter of International Assn. of Machinists* [*Cutler-Hammer, Inc.*], 271 App. Div. 917, affd. 297 N. Y. 519; *Matter of Belding*

*Heminway Co.*, 295 N. Y. 541; *Matter of Berger* [*World Broad-casting System*], 191 Misc. 1043, 1048, affd. 274 App. Div. 788).

The foregoing authorities are peculiarly pertinent to the present situation, where the proposed arbitration partakes more of the character of an appraisal than a true arbitration (cf. *Matter of Fletcher*, 237 N. Y. 440, 445, and *Matter of Culbertson* v. *Kem Playing Cards, Inc.*, 259 App. Div. 263). The arbitration is a step in the purchase of the stock by the respondent in the exercise of its option. The option, insofar as it affects the stock of the petitioner Edward C. Kennelly, having already been lost by lapse of time, the arbitration clause does not come into play at all. It follows that the respondent may not proceed with the arbitration to fix the value of his stock.

The denial of the stay as to the petitioner Mary McClung Kennelly is without prejudice to any application for a stay she may be advised to make in the pending stockholders' action or otherwise, not predicated upon the infirmity of the provision for arbitration in the agreement. Settle order.