175 N.J. Super. 584 (1980)
421 A.2d 144
RAYMOND CARBONE, MARY LOU CARBONE, RALPH SANDMEYER, MARY SANDMEYER AND "TARGET 80," PLAINTIFFS,
v.
THE PLANNING BOARD OF THE TOWNSHIP OF WEEHAWKEN, AND WEEHAWKEN DYE WORKS, INC., DEFENDANTS.
Superior Court of New Jersey, Law Division (Civil), Hudson County.
Decided June 27, 1980.
*585 LeRoy D. Safro for plaintiffs.
Michael I. Lubin for defendant Weehawken Planning Board (Wittman, Anzalone, Bernstein, Dunn & Lubin, attorneys).
Leo I. McGough for defendant Weehawken Dye Works, Inc. (Moser, Roveto, McGough & von Schaumburg, attorneys).
MAURICE A. WALSH, Jr., J.S.C.
This is an action in lieu of prerogative writs under R. 4:69-1.
Plaintiffs are challenging the decision of the Weehawken Planning Board granting variances for the conversion of a vacant dye works into a roller rink. The variances were from front yard, rear yard, lot coverage and parking requirements and were in existence as violations prior to the planning board action herein.
Plaintiffs challenge the granting of the variances on the grounds that the hearing was not in compliance with N.J.S.A. 40:55D-10(f), since a verbatim record was not made, and that the planning board abused its discretion in granting the variances.
N.J.S.A. 40:55D-10(f) provides that upon a hearing for development, adoption, revision or amendment of the master plan, "the municipal agency shall provide for the verbatim recording of the proceedings by either stenographer, mechanical or electronic *586 means." Centennial Land & Dev. Co. v. Medford, 165 N.J. Super. 220, 231 (Law Div. 1979). There are no cases specifically construing the above provision. However, there is a recent case which construes N.J.S.A. 40:55D-17 which governs appeals to the governing body from decisions of planning boards and boards of adjustment where permitted by ordinance. This case likens the review power of the governing body to the review power of the courts. Evesham Tp. Zoning Bd. v. Evesham Tp. Council, 169 N.J. Super. 460, 468 (Law Div. 1979). The review power of the governing body, like the courts, is based upon the record below, and N.J.S.A. 40:55D-17(b) requires a verbatim recording of the proceedings before the governing body. Evesham, supra at 467, and see Centennial, supra at 231-232.
Therefore, on the above basis, and on the basis that the predecessor provisions of N.J.S.A. 40:55D-10(f)-40:55-1.7, 40:55-1.40, 40:55-25, 40:55-37, 40:55-42-do not require that a stenographic recording be made, this court must find that the Legislature in specifically adding a requirement of a verbatim recording in the revised statute intended it to be strictly adhered to (see N.J.S.A. 40:55-37, construed as not to require a verbatim record by Tomko v. Vissers, 21 N.J. 226, 238 (1956)).
The effect of the planning board's failure to make a stenographic record is clear from case law under the old statute which deals with inadequate records. These cases hold that where an agency record proves inadequate and therefore the reviewing court cannot determine the validity of the agency's action, there must be a remand.
Where the decision by a planning board or board of adjustment denying or granting a variance is challenged, the court's determination as to whether the action "was unreasonable, arbitrary or capricious must be [based upon] what was before the board and not on the basis of a trial de novo ... before the Law Division." Antonelli v. Waldwick, 79 N.J. Super. 433, 440-441 (App.Div. 1963); Fobe Assocs. v. Demarest, 74 N.J. 519, 527-528 (1977); Kramer v. Sea Girt, 45 N.J. 268, 289 (1965); Wilson v. Mountainside 42 N.J. 426, 442 (1964); Tomko, supra at *587 241; Miriam Homes Inc. v. Perth Amboy, 156 N.J. Super. 456, 458 (App.Div. 1976), aff'd 75 N.J. 508 (1978); Alperin v. Middletown, 91 N.J. Super. 190, 198 (Ch.Div. 1966); Toutphoeus v. Joy, 81 N.J. Super. 526, 534-535 (App.Div. 1963); Wolf v. Park Ridge, 79 N.J. Super. 546, 551 (App.Div. 1963); Kotlarich v. Ramsey, 51 N.J. Super. 520, 542-543 (App.Div. 1958). See Gougeon v. Stone Harbor, 52 N.J. 212, 220 (1968), rev'd on other grounds, 54 N.J. 138 (1969); Grundlehner v. Dangler, 29 N.J. 256, 270-272 (1959); Weiner v. Glassboro, 144 N.J. Super. 509, 514 (App.Div. 1976), certif. den., 73 N.J. 55 (1977); Kenwood Assocs. v. Englewood, 141 N.J. Super. 1, 4 (App.Div. 1976); Evesham, supra at 468.
The reason for this is that under the Municipal Planning Act judicial review is intended to be a determination of the validity of the agency action, not the substitution of the court's judgment for the agency action. Kotlarich, supra at 542. Because the review must be on the record, it is necessary that there be a proper record made of the proceedings before the board. Id.
Ordinarily, when it becomes apparent to a trial court, at pretrial or trial, that the agency record before it is inadequate or that the proofs to ground an agency's findings and conclusions are not sufficiently shown in the record or when it appears that the findings and conclusions have been based, even in part, on facts or matters which were not introduced or made known to the parties in the proceedings below, the proper practice is to remand the matter to the agency for a rehearing and redetermination. [Id. at 542-543]
See Dolan v. DeCapua, 16 N.J. 599, 613 (1954). See, also, Commons v. Westwood, 81 N.J. 597, 611 (1980).
There is authority to the effect that a stenographic recording is not necessary as long as the board minutes serve as an adequate basis for the board's action. Kuhlman v. Evesham, 122 N.J. Super. 78, 84 (Law Div. 1973). However, this case was decided before N.J.S.A. 40:55D-10(f) was enacted in 1976.
This court feels that the only adequate basis for any court to exercise its limited authority of reviewing the agency action must be a verbatim recording. However, this matter may also be decided on the basis that the minutes of the board presented on this review are inadequate under the above-cited case law. The minutes are inadequate in that they fail to *588 present enough information as to the evidence elicited before the board and on which it based its decision.
The minutes of the meeting of February 12, 1980, include only a summary of what transpired as to the variance application and includes an attachment of a report by the Planning Association of New Jersey. Also, the matter was continued until February 26, 1980, and this court has no record of what transpired at that meeting. Further, the Weehawken Planning Board, in its resolution, refers to testimony as to the amount of on-street parking that would be available, as to the availability of public transportation and as to other issues. There is no transcription of the testimony for this court's consideration.
Therefore, this matter is remanded to the Weehawken Planning Board for rehearing in accordance with law.