180 N.J. Super. 391 (1981)
434 A.2d 1146
EMIL F. AYSSEH, TRUSTEE, PLAINTIFF,
v.
HOWARD M. LAWN AND PEARL B. LAWN, HIS WIFE; DAVID SCHWARTZ AND IRENE SCHWARTZ, HIS WIFE; FRANK MOSS T/A SEASHORE REAL ESTATE; ROY BAYLINSON, TRUSTEE; STATE OF NEW JERSEY; M.E. SABOSIK ASSOCIATES, INC.; CITIBANK, N.A.; LAKEWOOD OIL COMPANY; UNITED STATES OF AMERICA; PARK MOBILE SOUTH, INC.; AETNA BUSINESS CREDIT, INC.; JOHN BOLOGNA; ABRAHAM GRUNWALD; MIGRASH REALTY ASSOCIATES, A PARTNERSHIP; AND PM PARKING FIRST, INC., A DELAWARE CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Chancery Division Atlantic County.
Decided February 26, 1981.
*393 Julius B. Poppinga for plaintiff (McCarter & English, attorneys).
Dianne Foley for defendants Lawn and PM Parking First, Inc. (Connell, Foley & Geiser, attorneys).
Roy Baylinson for defendant Baylinson, Trustee.
Walter Greenhalgh for defendant Citibank, N.A. (Kleinberg, Maroney, Masterson & Schachter, attorneys).
Donald J. Rapson for defendant Park Mobile South, Inc. (Lautman, Rapson & Henderson, attorneys).
Frank J. Ferry for defendant Abraham Grunwald.
Ralph W. Platine for defendants Schwartz (Platine & Feldman, attorneys).
Henry Gorelick for receiver (Gorelick, Groon & Dare, attorneys).
HAINES, J.S.C.
Emil F. Aysseh, trustee, commenced this suit on August 4, 1980 seeking several forms of relief, one of which was foreclosure of a mortgage securing a note for $1,600,000 given to him by defendant Howard Lawn. The mortgage covers fractional interests in Atlantic City, New Jersey, real property owned by Lawn. Numerous defendants are named in the litigation, some of whom hold mortgages covering various parcels of real estate involved in the proceedings. All of them, including Lawn, have answered. Lawn's answer includes a demand for arbitration; he has also counterclaimed. Loss of some of Lawn's properties was threatened by mortgage foreclosures and other financial difficulties. Cotenants are at odds with each other. As a result, on plaintiff's application and over Lawn's objection, a receiver *394 was appointed to manage and protect the properties. The litigation is complex and has moved forward with considerable intensity.
On January 8, 1981 Lawn filed a demand for arbitration with the American Arbitration Association. He sought to arbitrate certain disputes arising under a stock transfer agreement affecting the stock of two corporations known as Park Mobile, Inc. and Park Mobile International, Inc. Lawn, Aysseh, his wife Josephine, a Lichtenstein corporation, a Luxemburg corporation and a Panamanian corporation are parties to the agreement. Among other things, Lawn claims that an oral modification of this agreement permits the note and mortgage which are the subject of this suit to be satisfied by a tender of stock pursuant to the stock transfer agreement, and further claims that the stock was tendered and refused. He requests the arbitration panel to require Aysseh to accept the stock, to cancel the note and mortgage, and to discontinue the foreclosure proceedings. Aysseh filed a counter-demand in the arbitration proceedings in which he denied making the alleged oral agreement and denied the right of the American Arbitration Association to arbitrate any questions regarding the note and mortgage in question. At the same time, he demanded arbitration of other claims arising under the stock transfer agreement.
On January 15, 1981, promptly after receiving notice of the demand for arbitration, plaintiff made an ex parte application to this court for an order restraining the arbitration as to the note and mortgage only, and restraining Lawn from commencing proceedings in any other court for the purpose of enjoining the within litigation. The application was granted, notwithstanding the lack of notice to opposing counsel, for two reasons: (1) defendant Lawn's arbitration demand was filed in the State of New York by counsel in Boston, Massachusetts, over which this court had no control, and (2) the giving of notice would have permitted defendant Lawn, through foreign counsel, to make the application sought to be restrained before a hearing could be held. In view of the lack of notice, however, the restraining *395 order was made returnable the next day so that an immediate application for dissolution could be entertained. Later, counsel agreed to continue the restraints until the matter could be fully briefed and argued. Plaintiff now seeks to make the restraints interlocutory, while defendant Lawn moves for their complete dissolution.

I. The Propriety of the Restraints
Under usual rules, subject to a consideration of "special equities," a court first acquiring jurisdiction over a lawsuit has precedence over a like suit brought in the court of another state. Yancoskie v. Delaware River Port Auth., 78 N.J. 321, 324 (1978); Devlin v. National Broadcasting Co., 47 N.J. 126 (1966); Interstate Wrecking Co. v. Palisades Interstate Park Comm'n, 57 N.J. 342, 352 (1971). In such cases, as here, the litigants may be restrained from proceeding in the other jurisdiction. Trustees of Princeton University v. Trust Co. of N.J., 22 N.J. 587, 598 (1956). When an arbitration proceeding is commenced, after the beginning of litigation, and questions of arbitrability are presented, it is appropriate for the court to restrain the arbitration proceeding until it decides whether the issues in question are subject to arbitration. American Broadcasting Cos. v. American Fed'n of Television and Radio Artists, 412 F. Supp. 1077, 1082 (S.D.N.Y. 1976); New Jersey Mfrs. Ins. Co. v. Franklin, 160 N.J. Super. 292, 300 (App.Div. 1978); Polshek v. Bergen Cty. Iron Works, 142 N.J. Super. 516 (Ch.Div. 1976); Application of Kennelly, 197 Misc. 667, 95 N.Y.S.2d 240 (Sup.Ct. 1950). Questions of arbitrability are present here; it is for this court to decide whether the oral agreement upon which Lawn relies was in fact made and whether it is within the terms of the arbitration clause set forth in the written stock transfer agreement. United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 568, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403 (1960); Moreira Const. Co. v. Wayne Tp., 98 N.J. Super. 570 (App.Div. 1968), certif. den. 51 N.J. 467 (1968). The question of waiver may be an issue for the court or for the arbitrators. The answer to that question is not clear; jurisdiction seems to depend upon the *396 facts. Singer Co. v. Tappan Co., 403 F. Supp. 322 (D.N.J. 1975); Tsakalotos Navigation Corp. v. Sonaco, 259 F. Supp. 210 (S.D.N.Y. 1966); McKeeby v. Arthur, 7 N.J. 174 (1851); 16 Williston on Contracts, (3 ed. Jaeger, 1976), § 1923 at 580.
When proceedings in a federal court may be affected by a restraining order, however, a different rule applies. State courts and federal courts have concurrent jurisdiction over in personam proceedings and neither may restrain such proceedings in the other court. When the proceedings are in rem, however, the court first acquiring jurisdiction may enjoin proceedings in the other. Thus, in Princess Lida v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1938), in which suits involving challenges to certain trustees' accounts were brought in the Court of Common Pleas of the State of Pennsylvania and in a United States District Court, the Supreme Court said:
The plaintiffs in the District Court were but two of the five cestuis. One of the others has appeared in the Common Pleas proceeding and excepted to the trustees' accounts. Certain it is, therefore, that if both courts were to proceed they would be required to cover the same ground. This of itself is not conclusive of the question of the District Court's jurisdiction, for it is settled that where the judgment sought is strictly in personam, both the state court and the federal court, having concurrent jurisdiction, may proceed with the litigation at least until judgment is obtained in one of them which may be set up as res judicata in the other. [Footnote omitted.] On the other hand, if the two suits are in rem, or quasi in rem, so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought the jurisdiction of the one court must yield to that of the other. [Footnote omitted.] We have said that the principle applicable to both federal and state courts that the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other, is not restricted to cases where property has been actually seized under judicial process before a second suit is instituted, but applies as well where suits are brought to marshal assets, administer trusts, or liquidate estates, and in suits of a similar nature where, to give effect to its jurisdiction, the court must control the property. [Footnote omitted.] The doctrine is necessary to the harmonious cooperation of federal and state tribunals. [Footnote omitted.] While it has no application to a case in a federal court based upon diversity of citizenship, wherein the plaintiff seeks merely an adjudication of his right or his interest as a basis of a claim against a fund in the possession of a state court, [footnote omitted] this is not such a case. No question is presented in the federal court as to the right of any person to participate in the res or as to the quantum of his interest in it. The contentions are solely as to administration and restoration of corpus. [at 465-467, 59 S.Ct. at 280-281]
*397 The in personam distinction is explained in Donovan v. City of Dallas, 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964):
Early in the history of our country a general rule was establish that state and federal courts would not interfere with or try to restrain each other's proceedings. [Footnote omitted.] That rule has continued substantially unchanged to this time. An exception has been made in cases where a court has custody of property, that is, proceedings in rem or quasi in rem. In such cases this Court has said that the state or federal court having custody of such property has exclusive jurisdiction to proceed. [Citations omitted.] It may be that a full hearing in an appropriate court would justify a finding that the state-court judgment in favor of Dallas in the first suit barred the issues raised in the second suit, a question as to which we express no opinion. But plaintiffs in the second suit chose to file that case in the federal court. They had a right to do this, a right which is theirs by reason of congressional enactments passed pursuant to congressional policy. And whether or not a plea of res judicata in the second suit would be good is a question for the federal court to decide. While Congress has seen fit to authorize courts of the United States to restrain state-court proceedings in some special circumstances, [footnote omitted] it has in no way relaxed the old and well-established judicially declared rule [footnote omitted] that state courts are completely without power to restrain federal-court proceedings in in personam actions like the one here. And it does not matter that the prohibition here was addressed to the parties rather than to the federal court itself. For the heart of the rule as declared by this Court is that: "... where the jurisdiction of a court, and the right of a plaintiff to prosecute his suit in it, have once attached, that right cannot be arrested or taken away by proceedings in another court.... The fact, therefore, that an injunction issues only to the parties before the court, and not to the court, is no evasion of the difficulties that are the necessary result of an attempt to exercise that power over a party who is a litigant in another and independent forum." [Footnote omitted; at 412-413, 84 S.Ct. at 1582-1583]
See, also, General Atomic Co. v. Felter, 434 U.S. 12, 98 S.Ct. 76, 54 L.Ed.2d 199 (1977), and Estate of Craig, 379 Pa. 157, 109 A.2d 190 (Sup.Ct. 1954). In Craig the Pennsylvania Supreme Court said that jurisdictional determinations in these cases is more fundamental than the question of whether the action is in rem or in personam. It held that the basic question was whether "the cases in fact create an actual conflict between the courts which would disturb the harmonious operation of the Federal and State tribunals within the framework of the Republic." Id. at 194. It also noted that "the courts have ... given consideration to the question of which tribunal is as a matter of custom and fact more closely concerned with the subject matter of the controversy." Id. at 195.
*398 The foreclosure action commenced in this court is an in rem action. First National Bank of Columbus v. Charles Broadway Rouss, Inc., 61 F.2d 489 (5 Cir.1932), cert. den. 287 U.S. 670, 53 S.Ct. 314, 77 L.Ed. 577 (1933); 1A Moore's Federal Practice (2 ed. 1980), § 0.214 at 2503. No federal suit has been commenced. However, Lawn seeks the dissolution of present restraints so that he may bring suit in a federal court to enforce his demand for arbitration, which he claims to be within the scope of the United States Arbitration Act, 9 U.S.C.A., § 1 et seq. A suit brought in a federal court for that purpose would be an action in personam.
In deciding what response to make to the pending applications, two additional rules of law come into play. First, if the United States Arbitration Act applies, it may be enforced in this court. United Nuclear Corp. v. General Atomic Co., 93 N.M. 105, 597 P.2d 290, 298 (Sup.Ct. 1979); 16 Williston, supra, § 1921 at 307, 308. Alternatively, this State's arbitration statutes, N.J.S.A. 2A:24-1 et seq., may be applied. The use of one statute instead of the other should make no difference in the final result. Second the acknowledgement that Lawn may address his in personam issues in a federal court does not prevent this court from hearing those issues as well. Jurisdiction is concurrent. Princess Lida, supra at 466, 59 S.Ct. at 280.

II. Conclusion
The restraints which prevent Lawn from pursuing in personam relief in a federal court must be dissolved. There is no reason, however, to dissolve the restraint against arbitration, and that restraint is continued until questions involving the right to arbitrate have been decided, either here or in a federal court. A decision by a federal court directing arbitration to proceed, if such a court so decides, will effectively interfere with this court's in rem jurisdiction. At the same time, this court's continuance of the restraint against arbitration, in the face of such an order, would interfere with the federal court's exercise of its in personam jurisdiction. This possible impasse should be *399 resolved gracefully. In the event defendant Lawn files suit in a federal court, which entertains the action and decides the arbitration question favorably to him, the restraints here imposed will be dissolved.
The only formal applications before this court are those which seek the continuance or the dissolution of the restraints. No application has been made to have this court decide the arbitrability questions, although that request is implicit in the petition for restraints. Fairness to the parties, however, requires those decisions to be made only on full notice, with an opportunity for additional hearings; if necessary. Accordingly, I will entertain an application by either party or by both for a determination of all questions of arbitrability. In that connection, it will be necessary to decide which arbitration statute applies. In addition, since plaintiff challenges the making and the contents of the oral agreement upon which defendant relies, testimony as to that issue may be required. If no agreement was made, it cannot be arbitrated. Any motion requesting further relief should cover these questions.
Defense counsel will submit an appropriate order.