RIMM, J.T.C.
This is Chapter III in the ongoing saga of dual filings for the same property for the same tax year, one filing in the Tax Court and one filing in a county board of taxation. The filings were made under N.J.S.A. 54:3-21, which provides, in pertinent part, as follows:
A taxpayer feeling aggrieved by the assessed valuation of his property, or feeling that he is discriminated against by the assessed valuation of other property in the county, or a taxing district which may feel discriminated against by the assessed valuation of property in the taxing district, ..., may on or before April 1 appeal to the county board of taxation by filing with it a petition of appeal; provided, however, that any such taxpayer or taxing district may on or before April 1 file a complaint directly with the tax court, if the assessed valuation of the property subject to the appeal exceeds $750,000.00.
The four properties at issue constitute the Sands Casino Hotel and are owned by defendant, Greate Bay Hotel and Casino, Inc. (hereafter, “Greate Bay”). They are located in plaintiff, City of Atlantic City (hereafter “the City”). The properties were assessed as follows for the 1997 tax year:
*488 Block 26, Lot 119.02
Land $657,000
Improvements 5.824.200
Total $6.481.200
Block 26, Lot 191
Land $3.032.600
Improvements 6,196,000
Total $9.228.600
Block 26, Lot 192
Land $4,947,800
Improvements 16,905,700
Total $21,853,500
Block 30, Lot 60
Land $ 26,928,000
Improvements $195,720,200
Total $222,648,200.
Greate Bay filed petitions of appeal with the Atlantic County Board of Taxation on March 31,1997 challenging the assessments. On April 1, 1997, the City filed four complaints in the Tax Court challenging the assessments on the same four properties for which Greate Bay had filed in the county board.
The matters were before me on the motion of defendant, Greate Bay, to transfer the four 1997 Tax Court complaints filed against Greate Bay by plaintiff, the City, to the Atlantic County Board of Taxation. The motion was made pursuant to R. l:13-4(a) which provides that, if a court does not have subject matter jurisdiction over an action, the action shall be transferred to the proper court or administrative agency having such jurisdiction.
In response to the motion, the City filed a cross-motion, seeking an order determining exclusive jurisdiction over these four matters to be in the Tax Court.
*489 On the return day of the motions, I ruled that the Tax Court has jurisdiction over these matters. I denied Greate Bay’s motion to transfer the four complaints to the Atlantic County Board of Taxation, and I granted the municipality’s cross-motion and directed the taxpayer to dismiss the four petitions of appeal filed with the Atlantic County Board of Taxation. This opinion now amplifies and expands the decision rendered at the time of the hearing.
I
The Three Chapters
Chapter I was Union City Assocs. v. City of Union City, 115 N.J. 17, 556 A.2d 769 (1989). In that case, the same party, the taxpayer, filed for the same property for the same tax year in both the Tax Court and in the county board of taxation, filing first in the Tax Court and then in the county board of taxation. In holding that the Tax Court had jurisdiction over the matter and that the county board did not, the Supreme Court said, “[w]e find that the Legislature intended to bind the taxpayer by his election and that the taxpayer may not maintain identical appeals in both forums.” Id. at 18, 556 A.2d 769.
Chapter II was Shav Assocs. v. Middletown Tp., 11 N.J.Tax 569 (Tax 1991). In that case, the municipality filed a petition of appeal with the Monmouth County Board of Taxation on August 14,1989, and the taxpayer filed a complaint by way of direct appeal with the Tax Court on the same day. The conclusion in Shav Assocs. was that
the decision of the Supreme Court in Union City Associates requires a determination that filing in the Tax Court in compliance with N.J.S.A. 54:3-21 vests the Tax Court with the jurisdiction to decide the matter. If there is a timely and proper filing of a complaint in the Tax Court, the county board of taxation has no jurisdiction over the matter.
[Id. at 576.]
Now in Chapter III, Greate Bay contends that its prior filing of petitions of appeal with the Atlantic County Board of Taxation “extinguished” the jurisdiction of the Tax Court over the assessments for the lots for which petitions were already filed at the *490 county board level, unless county board judgments are appealed. Greate Bay asserts that, in the absence of Tax Court jurisdiction, the four Tax Court complaints must be treated as counter-petitions of appeal and transferred to the county board of taxation for disposition.
II
Arguments
As support for its position, Greate Bay points to the following language in the Supreme Court’s decision in Union City Assocs., supra, 115 N.J. at 24, 556 A.2d 769: “Based on the statutory language, scheme, and legislative history of N.J.S.A. 54:3-21, we find that the Legislature intended to provide exclusive jurisdiction over the matter to the forum in which the taxpayer initially elects to file his appeal.” Greate Bay acknowledges that this statement was made in the context of a case where a taxpayer filed a petition of appeal with the county board of taxation and a complaint in the Tax Court for the same property. Nevertheless, in its letter brief in support of its motion, Greate Bay argues that, once the first election was made in the present case, it was binding on the parties consistent with the “commonly-held principle that where two courts in the same state have concurrent jurisdiction over a matter, the court in which jurisdiction is first invoked obtains exclusive jurisdiction.” Union City Assocs., supra, 115 N.J. at 26, 556 A.2d 769.
The City opposes Greate Bay’s motion, pointing out in its responsive papers, that Greate Bay’s position “assumes that the forums in which the matters have been filed are of equal stature.” Here, the City notes, “the Atlantic County Board of Taxation is ‘not a part of New Jersey’s judicial branch of government’ [quoting from Union City Assocs., supra, 115 N.J. at 22, 556 A.2d 769] but merely an administrative agency with gwasi-judicial jurisdiction.”
The City also emphasizes that there is no language in N.J.S.A. 54:3-21 supporting Greate Bay’s proposition that the party filing *491 first can proceed in the forum where it chose to file. According to the City, Greate Bay’s reading of the statute would
base jurisdiction on a “race” to the courtroom doors and [would! ignore the principles of judicial economy, “prevention of needless litigation; avoidance of duplication; reduction of unnecessary burdens of time and expenses; elimination of conflict, confusion and uncertainty; and basic fairness.” Shav Associates, supra, citing Crispin v. Volkswagenwerk, A.G., 96 N.J. 336, 350, 476 A.2d 250 (1984).
Ill
Statutory Language
In Union City Assocs., supra, the taxpayer filed first in the Tax Court, challenging a 1983 assessment on property it owned in the City of Union City. Eleven days later, challenging the same 1983 assessment, the taxpayer filed a petition of appeal with the county board of taxation. The county board held a hearing and affirmed the original assessment. Approximately one year later the taxpayer withdrew its 1983 Tax Court complaint and the Tax Court entered judgment dismissing the complaint based on that withdrawal.
For the 1985 tax year the municipality reassessed the taxpayer’s property, increasing the assessment for 1985 by $1,000,000 over the assessment for the 1983 tax year. Relying on the 1983 county board judgment affirming the original assessment for the 1983 tax year, the taxpayer filed a complaint in the Tax Court challenging the 1985 assessment as a violation of the Freeze Act, N.J.S.A. 54:3-26.
The Tax Court dismissed the taxpayer’s application for the Freeze Act, holding that the 1983 county board judgment was void for want of subject matter jurisdiction, because the court found that N.J.S.A. 54:3-21 only permitted a party to file in one forum, not two. The Appellate Division reversed the Tax Court, but was itself reversed by the Supreme Court, which held that the Legislature did not intend “to allow a taxpayer to pursue simultaneously identical appeals in both forums.” Union City Assocs., supra, 115 N.J. at 24, 556 A.2d 769. The Court concluded that because the taxpayer “initially elected to have the matter disposed of in the *492 Tax Court, the Tax Court retained exclusive jurisdiction to decide the appeal. Thus the county board had no jurisdiction, and its judgment was a nullity.” Id. at 28, 556 A.2d 769. Under that holding, the plaintiff could not rely on the county board judgment to preclude an increased assessment by way of the Freeze Act.
The Union City Assocs. case stands for the proposition that where the same party files in both the county board and the Tax Court, the first filing controls. In fact, in a footnote, the Supreme Court specifically declined to decide anything beyond that issue. The Court stated:
We recognize that a situation may arise in which the taxing district and the taxpayer appeal the same assessment in different forums . . . . We need not decide such a case at the present time. The only issue before us is whether the same taxpayer may file an appeal in both the county board and the Tax Court.
[Id. at 25, n. 4, 556 A.2d 769 (citations omitted).]
By virtue of this footnote in the Union City Assocs. case, it cannot be taken from the decision that the Supreme Court laid down a hard and fast “first to file rule.” The' Supreme Court left for further analysis and consideration dual filings other than by the same party.
Such further analysis was set forth in Shav Assocs., supra, in which there was a review of the language of N.J.S.A. 54:3-21. In that case, a taxing district filed a petition of appeal with a county board of taxation for the same property for which the taxpayer filed a timely complaint in the Tax Court. The petition of appeal and the Tax Court complaint were filed on the same day, which was held to constitute filing at the same time. The holding was that, under the specific language of N.J.S.A. 54:3-21, “[i]f there is a timely and proper filing of a complaint in the Tax Court, the county board of taxation has no jurisdiction over the matter.” Shav Assocs., supra, 11 N.J.Tax at 576. As explained in the opinion, N.J.S.A. 54:3-21
says that a taxpayer or a taxing district “may on or before August 15 [now April 1. L. 1991, c. 75] file a complaint directly with the Tax Court, if the assessed valuation of the property subject to the appeal exceeds $750,000 . . . .” N.J.S.A. 54:3-21. The statute does not say that a taxpayer or taxing district may file with the court only if there has not been, or will not be, a filing with the county board of taxation. In addition, the whole thrust and purpose of this section of the statute is to *493 expedite the appeal process and to simplify it for the parties by eliminating preparation for, and participation in, two trials when an assessment exceeds 8750,000, if either the taxpayer or the taxing district chooses to file a direct appeal.
[Ibid.]
The opinion in Shav Assocs. also noted that, “the Court [in Union City Assocs.] went beyond the holding based on time of filing, reviewing the legislation and dealing with policy considerations. The result reached was dictated by a construction of the statute which would avoid rendering any part of the statute inoperative, superfluous or meaningless.” Shav Assocs., supra, 11 N.J.Tax at 575 (citations omitted).
The reasoning of Shav Assocs. applies with equal force here, where one party filed in the Tax Court after the other party filed with the county board of taxation.
N.J.S.A. 54:3-21 specifically states that an aggrieved taxpayer or a taxing district may on or before April 1 file a complaint directly with the county board, “provided however, that any such taxpayer or taxing district may on or before April 1 file a complaint directly with the tax court if the assessed valuation of the property subject to the appeal exceeds $750,000.00.” (emphasis added). The emphasized language makes clear, on its face, that, even where one party has already filed in the county board, when the $750,000 threshold is met, the opposing party can file in the Tax Court on or before April 1, removing the controversy to that forum. “ Where statutory language is plain, unambiguous and uncontrolled by another part of the act or other legislation, a court may not give it a different meaning.” Schneider v. City of East Orange, 196 N.J.Super. 587, 592, 483 A.2d 839 (App.Div.1984), aff'd o.b., 103 N.J. 115, 510 A.2d 1118, cert. denied, 479 US. 824, 107 S.Ct. 97, 93 L.Ed.2d 48 (1986).
As originally written following the creation of the Tax Court, in addition to establishing a threshold in excess of $750,000 for direct appeals to the Tax Court, N.J.S.A. 54:3-21 provided that
any party to an appeal pending on July 1,1979 before a county board of taxation in which the assessed valuation of the property involved exceeds $750,000.00 shall be entitled, upon application to the county board, to have the appeal transferred to the tax court by the county board.
*494 In other words, even though a county board of taxation already had jurisdiction, the pending appeal could be removed to the Tax Court for disposition where the $750,000 threshold was met.
Given the date of the establishment of the Tax Court, such language is no longer necessary, and this statutory provision relating to the transfer from the county board to the Tax Court has been repealed. However, the language indicates the intention of the Legislature concerning the jurisdiction of the Tax Court over assessments which exceed $750,000. The Legislature intended that either party to a tax appeal before a county board in which the assessment exceeded $750,000 could have the matter transferred to the Tax Court. Obviously, under such circumstances, the jurisdiction of the Tax Court did not depend on who filed first. That this language evidences an intention on the part of the Legislature to vest in the Tax Court jurisdiction over assessments which exceed $750,000 at the discretion of either party is emphasized by the fact that the language follows immediately after the language in the statute, as originally enacted and still in effect, which said: “provided, however, that any such taxpayer or a taxing district may on or before April 1 file a complaint directly with the tax court, if the assessed valuation of property subject to the appeal exceeds $750,000.00,____”
This is analogous to the system for removal jurisdiction in the federal courts. If a plaintiff could have filed in federal court, but chose to file in state court, the defendant can remove the case to the federal forum. See 28 U.S.C.A. § 1441. The language of N.J.S.A. 54:3-21 provides for jurisdiction in the Tax Court when the assessment threshold is met, in effect removing the petition of appeal from the county board of taxation.
When an assessment exceeds $750,000, there is not equal and concurrent jurisdiction in the county board and in the Tax Court. There is jurisdiction available to either the taxpayer or the taxing district in the Tax Court, a court of record, N.J.S.A. 2B:13-1, whose jurisdiction is defined in N.J.S.A. 54:3-21 with respect to the issue now before me. This may be compared to “removal” jurisdiction as already indicted.
*495 Here, the taxpayer wants to proceed at the county board level, while the taxing district wishes to proceed directly in the Tax Court. As the $750,000 threshold is met, the explicit wording of the statute provides for disposition in the Tax Court.
IV
History and Policy
Both the legislative history of N.J.S.A. 54:3-21 and policy considerations support such a result. The 1979 amendment to N.J.S.A. 54:3-21 permitting direct appeals to the Tax Court was a companion measure to the creation of the Tax Court. L. 1979, c. 113. “[T]he introduction of direct appeals to the Tax Court was viewed as a means of saving time in disposing of large tax appeals.” Union City Assocs., supra, 115 N.J. at 26, 556 A.2d 769, (citing S. Glaser, “New Jersey’s Tax Court,” 89 N.J.Lawyer 34, 37 (1979)). The Legislature saw the benefits of conducting the review of large assessments at the Tax Court level rather than at the county board.
The county boards of taxation are ideally suited to the quick and efficient review of assessments of $750,000 or less. Such cases generally do not require extensive discovery or involve complicated testimony. The county boards can hear these matters within a relatively short period of time after they are filed, and such matters rarely require lengthy hearings.
In contrast, the county boards of taxation are not well constructed for the review of large and complicated assessments. While discovery is available at the county board level, the time permitted for serving discovery requests and answers is much more limited than in the Tax Court. See N.J.A.C. 18:122A-1.15. Additionally, the county boards of taxation have only a limited period of time each year within which to review petitions of appeal. “County boards of taxation are required to hear and determine all appeals within three months after the last day permitted for filing appeals. N.J.S.A. 54:3-26. Once the three-month period has expired the county tax board has no further *496 jurisdiction over the appeal.” Vicari v. Bethlehem Tp., 8 N.J.Tax 513, 517 (Tax 1986) (citing Danis v. Middlesex Cty. Bd. of Taxation, 113 N.J.Super. 6, 9, 272 A.2d 542 (App.Div.1971)). Large appeals of assessments such as the ones involved in the present motion disrupt county board schedules and create calendar problems.
N.J.S.A. 54:3-26.1 does permit the Tax Court to extend the time for hearing the appeals, but only “upon a showing by the board that the number of appeals before it is disproportionate to the number of members hearing said appeals, or the number of appeals has increased sufficiently to warrant an extension of time.” Pursuant to N.J.R.E. 201(b)(4), I take judicial notice of the fact that, in litigation involving the 1996 assessments for the very same properties under appeal in these cases, the Atlantic County Board of Taxation was forced to obtain two extensions from the Tax Court, beyond its usual period of jurisdiction, to deal with the petitions of appeal involving these properties.
Here, the aggregate assessments at issue total $260,211,500. The properties at issue make up a hotel casino in Atlantic City, a very complex property which is difficult to value and assess. In its letter brief in support of its motion, Greate Bay accuses the municipality of engaging in “gamesmanship” in filing its Tax Court complaints after Greate Bay had filed its petitions of appeal with the county board. The real gamesmanship here is by the taxpayer, invoking the jurisdiction of a body not ideally suited to deal with cases as complex as the subject cases.
Greate Bay’s position would require the municipality to spend resources and time defending a case in the county board of taxation when it clearly wants to have the matters decided by the Tax Court. In other words, if I were to grant Greate Bay’s motion and transfer the complaints to the county board of taxation, as soon as the lengthy hearings at the county board were over and memoranda of judgment were issued, the cases would be appealed to the Tax Court and a de novo hearing would have to be conducted to fix the amount of the assessments.
In this regard, the relationship of the Tax Court to local property assessments is unique. In no other situation where *497 there is an appeal from an administrative agency is there a trial de novo as opposed to a determination based on, or a review of, the record below. Appeals from state agencies, except for the Division of Taxation, go to the Appellate Division. R. 2:2-3(a)(2) (appeals to the Appellate Division from final decisions or actions of any state administrative agency); R. 2:5-4(b) (agencies shall file a statement of the items comprising the record on appeal); N.J.S.A. 34:6A-18 (Worker Health & Safety Act Commissioners’ rulings and orders can be appealed to the Appellate Division). Appeals from municipal courts go to the Law Division of the Superior Court for a trial de novo on the record below. R. 3:28-8. Appeals from municipal agencies, e.g., zoning boards of adjustment go to the Law Division of the Superior Court with the court to determine, basically on the record below, whether the agencies’ actions were arbitrary, capricious or unreasonable. Carbone v. Planning Board of Weehawken Tp., 175 N.J.Super. 584, 421 A.2d 144 (Law Div.1980) (where a decision by a planning board or board of adjustment denying or granting a variance is challenged, a court’s determination as to whether the action was unreasonable, arbitrary or capricious must be based upon what was before the board and not on the basis of a trial de novo before the Law Division); Kessler v. Bowker, 174 N.J.Super. 478, 417 A.2d 34 (App.Div.1979); Miriam Homes, Inc. v. Board of Adjustment of Perth Amboy, 156 N.J.Super. 456, 384 A.2d 147 (App.Div.1976), aff'd o.b., 75 N.J. 508, 384 A.2d 143 (1978).
Greate Bay’s position would disrupt the county board schedules, waste municipal funds on unnecessary attorney and expert fees, and waste the time and resources of the county board, by forcing the City to go forward twice when the matter could be resolved with one hearing in a forum designed to fairly and equitably adjudicate a local property tax assessment of this magnitude and complexity.
V
First to File Rule
The taxpayer claims that the decision of the Supreme Court in Union City Assocs. requires that these matters proceed in the *498 county board of taxation because the taxpayer filed there first. The taxpayer relies on the principle that, where two courts have concurrent jurisdiction over a matter, the court in which the first filing occurs obtains exclusive jurisdiction.
However, the opinion of the Supreme Court in Union City Assocs. and the law of New Jersey relating to that principle do not require the result urged by the taxpayer in these matters. In the first place, the Supreme Court in Union City Assocs. said, “[o]ur holding with respect to N.J.S.A. 54:3-21 fits comfortably with the commonly-held principle that where two courts in the same state have concurrent jurisdiction over a matter, the court in which jurisdiction is first invoked obtains exclusive jurisdiction.” Union City Assocs., supra, 115 N.J. at 26, 556 A.2d 769 (citations omitted). The Court thus indicates that its decision is made with respect to the wording of N.J.S.A. 54:3-21 and then states that its holding fits within the commonly held principle. The Court does not say that its decision is based on this commonly held principle. It is also instructive to note that following the quotation, there is a long string citation, but none of the cases are New Jersey cases. Union City Assocs., supra, at 26, 556 A.2d 769. Furthermore, each one of the out-of-state cases involves two courts.
Here, there are a court and an administrative agency. As indicated, the express language of N.J.S.A. 54:3-21 removes jurisdiction from the administrative agency to the Tax Court, in circumstances such as those existing in this case. However, even if counsel for Greate Bay is correct in arguing that N.J.S.A. 54:3-21 provides for equal and concurrent jurisdiction under circumstances such as these, the so-called “first to file rule” would not automatically control. New Jersey law is quite clear that the first to file principle is only a general rule. The principle is not an absolute. For example, in Stamen v. Metropolitan Life Ins. Co., 41 N.J.Super. 135, 124 A.2d 328 (App.Div.1956), the court said:
The Supreme Court and this court have both held that Art. VI, Sec. III, pars. 3 and 4 of the 1947 Constitution provide generally for the expeditious handling of all matters in controversy at one time and place, and require, where possible, complete determination of a controversy by the court which first properly obtains jurisdiction over the subject matter.
*499 [Id. at 140, 124 A.2d 328 (emphasis added) (citations omitted).]
In re Opper, 29 N.J.Super. 520, 103 A.2d 19 (App.Div.1954), involved a matter pending in the county court followed by a complaint filed in the Chancery Division approximately nine months later. The complaint was characterized by the Appellate Division not as a new and independent action but rather as an interruption of the jurisdiction of the county court. The Appellate Division held that the Chancery Division matter should be transferred to the county court. It stated that,
[i]n probate matters It was made clear that once the administration of an estate had begun properly in the Surrogate’s or County Court and was proceeding within the ambit of that tribunal’s jurisdiction, the proceeding should be retained and disposed of there without interference by the Superior Court in the absence of “special circumstances.”
[Id. at 524-25, 103 A.2d 19 (emphasis added).]
In Yancoskie v. Delaware River Port Auth., 78 N.J. 321, 395 A.2d 192 (1978), the Court held, in a case filed in the New Jersey courts in 1974 following the filing of suit on the same subject in Pennsylvania in 1973, that, “[ujnder all these circumstances, our proper course under comity principles is not to exercise jurisdiction but to adhere to the general rule that the court which first acquires jurisdiction has precedence in the absence of special equities.” Id. at 324, 395 A.2d 192 (emphasis added). In Am. Employers’ Ins. Co. v. Elf Atochem, 280 N.J.Super. 601, 656 A.2d 58 (App.Div.1995), the Appellate Division reversed an order of the trial court which had the effect of permitting litigation filed in Texas to go forward after litigation basically involving the same subject was filed in New Jersey. The Appellate Division remanded the matter to the trial court for the entry of an injunction precluding the Texas action from proceeding. The plaintiffs claimed that the trial court failed to follow the “first to file rule.” The Appellate Division stated that, “[wjhile the court has discretion, the general rule is that ‘the court which first acquires jurisdiction has precedence in the absence of special equities.’ ” Id. at 609, 656 A.2d 58. (citing Yancoskie v. Delaware River Port Auth., supra, 78 N.J. at 324, 395 A.2d 192.) (emphasis added). The court also noted that the defendant claimed that there were special circumstances which justified permitting the Texas action to proceed even though it *500 was filed after the New Jersey action. The Appellate Division reviewed at length the circumstances of the action pending in New Jersey, the circumstances of the action pending in Texas, the complicated nature of the issues involved, the significant amount of money involved and the number of parties. Only after doing so, did the Appellate Division conclude that the New Jersey litigation should proceed and the Texas litigation should not. The decision was, therefore, not a mere rote following of the “first to file rule.” In fact, the court said:
[w]e stress that the trial court judge retains discretion, in appropriate situations to release particular claims to other forums. We, therefore, do not disagree with his assessment of his jurisdiction to do so. Our disagreement is solely that the circumstances of this case on the facts as they are now known do not warrant the duplicative litigation in Texas.
[Id. at 616, 656 A.2d 58 (emphasis added).]
Clearly, if a trial court judge has discretion to release particular claims to other forums, the judge has discretion to retain claims in that judge’s forum. The Appellate Division did not reach the decision to retain jurisdiction over the matter in New Jersey and to enjoin the Texas matter on the basis of the “first to file rule,” but rather only after a review of the circumstances of the case. To the same effect is Aysseh v. Lawn, 180 N.J.Super. 391, 434 A.2d 1146 (Ch.Div.1981). “Under usual rules, subject to a consideration of ‘special equities,’ a court first acquiring jurisdiction over a law suit has precedence over a like suit brought in the court of another state.” Id. at 395, 434 A.2d 1146.
As indicated, county boards of taxation are not constituted to deal with complicated and time-consuming appeals; the extent of and time for discovery before them is limited, and their jurisdiction to hear cases is limited in time. N.J.S.A. 54:3-26.
Our appellate courts have also said that Tax Court judges “have special expertise.” Phillips v. Hamilton Tp., 15 N.J.Tax 222 (App.Div.1995). Certainly in cases involving substantial assessments, either party should be permitted to invoke the jurisdiction of the Tax Court. It is beyond dispute that there are special circumstances or special considerations in the present case. Thus, even if the statute did not compel jurisdiction in the Tax Court, *501 exercising my “discretion,” Am. Employers’ Ins. Co., supra, 280 N.J.Super. at 609, 656 A.2d 58,1 would retain jurisdiction of these matters.
VI
Administrative Agency
Greate Bay argues that the court must assume that it and the county board of taxation as an administrative agency are of equal stature and the jurisdiction of the county board of taxation as an administrative agency need not yield to the jurisdiction of the Tax Court. In support of its position, defendant cites Lally v. Copygraphics, 85 N.J. 668, 428 A.2d 1317 (1981). It claims that the Lally case is an analogous matter which addresses the issue of concurrent jurisdiction.
holly v. Copygraphics dealt with the nature of remedies available to an employee who claimed to have been the victim of a retaliatory discharge from employment based on her filing a worker’s compensation claim. Her suit was brought in the Superi- or Court under N.J.S.A. 34:15-39.1 which prohibits retaliatory discharge for the making of a worker’s compensation claim. The matter was transferred by the trial court judge to the Division of Worker’s Compensation on the ground that exclusive jurisdiction resided in that agency. The agency, however, concluded that jurisdiction was in the court. In resolving the conflict, the Appellate Division held:
We have concluded, for the reasons hereafter set forth, that the most rational solution to this impasse consistent with apparent legislative intent and the public policy sought to be advanced by the anti-retaliatory statute is to hold that an employee has a judicially cognizable cause of action for compensatory and punitive damages against his employer for retaliatory discrimination and that such action is not preempted by any primary or exclusive agency jurisdiction or by any other provision of the statutory complex.
[Lally v. Copygraphics, 173 N.J.Super., 162, 169, 413 A.2d 960 (App.Div.1980), aff'd, 85 N.J. 668, 428 A.2d 1317 (1981).]
“[0]ur holding,” the Appellate Division said, is “that an employee who claims to have been the victim of retaliatory discrimination, in violation of N.J.S.A. 34:15-39.1 et seq., may elect to pursue either *502 a judicial or administrative remedy as here defined.” Id. at 181-82, 413 A.2d 960.
The Supreme Court affirmed the Appellate Division. Lally v. Copygraphics, 85 N.J. 668, 428 A.2d 1317 (1981). Notwithstanding the holding of the Supreme Court in affirming the Appellate Division that the court and not the administrative agency had jurisdiction over the matter, counsel for Greate Bay points to the following language from the Supreme Court decision as supporting his argument:
Judge Pressler also expressed the belief that the judicial course of action might be preferable because “circuity” could be avoided by securing “[v]indication of both the public and private interests in [a] single proceeding.” 173 N.J.Super. at 181, 413 A.2d 960. This can be taken to suggest that pursuit of administrative relief is generally disfavored and that preference should be extended to the judicial course. We reject this implication. The jurisdiction to redress an unlawful retaliatory discharge is concurrent. The election is that of the plaintiff. She may choose at her complete discretion an administrative route, which though arguably not as complete as a civil action in a court of law, may be less involved, time consuming and expensive.
[Lally v. Copygraphics, supra, 85 N.J. at 672, 428 A.2d 1317.]
From this, counsel for defendant argues that, since his client made an election first, the matter must remain in the administrative agency, the county board of taxation. In making such an argument, counsel for defendant completely overlooks that the holding of both the Appellate Division and the Supreme Court is that the matter should proceed in the court, and that it was an election which controlled.
This is the situation in the present case. N.J.S.A. 54:3-21 provides for an election. It is this election which this court upholds. Either party may elect to invoke the jurisdiction of the Tax Court if the assessment exceeds $750,000 in accordance with the plain language of the statute.
Nor is this result to be interpreted as disfavoring an administrative agency. No such disfavor is intended and no such disfavor can be read into the decision in this matter. In fact, counsel for both parties in this matter know my attitude towards county boards of taxation which is to favor them in the disposition of matters brought before them. If a party properly invokes the *503 jurisdiction of the county board of taxation, and if there is no election to bring the matter before the Tax Court when the assessment exceeds $750,000, such a matter should be disposed of in the county board of taxation. County boards of taxation have an important role to play in local property taxation and that role should be recognized and encouraged.
VII
Conclusion
Greate Bay’s motion papers reveal that its true concerns in these eases are the burden of proof and the presumption of correctness. As emphasized in Shav Assocs.: “Concern about these items, when compared to the purpose of the direct appeal statute, amounts to nothing more than ‘legal gamesmanship which cannot be condoned by this court.’” Shav Assocs., supra, 11 N.J.Tax at 577-78 (quoting Weyerhaeuser Co. v. Borough of Closter, 190 N.J.Super. 528, 543, 464 A.2d 1156 (App.Div.1983)).
Under the explicit language of N.J.S.A. 54:3-21, the Tax Court has jurisdiction over these matters. Greate Bay’s motion to transfer the four complaints to the Atlantic County Board of Taxation was denied. The municipality’s cross-motion was granted and the taxpayer was directed to dismiss the four petitions of appeal filed with the Atlantic County Board of Taxation. Defendant’s counsel prepared and submitted an appropriate order under R. 4:42-1(c).