NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

TAX COURT OF NEW JERSEY



**Kathi F. Fiamingo**
**Judge**

**120 High Street**
**Mount Holly, NJ 08060**
**(609) 288-9500 Ext 38303**

**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE TAX COURT
COMMITTEE ON OPINIONS**

February 20, 2018

Katelyn McElmoyl, Esq.
Parker McCay, P.A.
9000 Midlantic Drive, Suite 300
P.O. Box 5054
Mount Laurel, New Jersey 08054

Timothy B. Middleton, Esq.
Law Office of Timothy B. Middleton, Esq.
Valley Park Professional Center
2517 Highway 35, Building K, Suite 101
Manasquan, New Jersey 08736

> Re:  Township of Evesham v.
> Leon H. & Joan A. Kwiatkowski
> Docket No. 010511-2016

Dear Counsel:

This letter constitutes the court's opinion with respect to Plaintiff's motion for summary judgment. For the reasons explained more fully below, Plaintiff's motion is denied.

I.      Finding of Facts and Procedural History

The court makes the following findings of fact based on the submissions of the parties. Leon H. & Joan A. Kwiatkowski, ("Defendants") are the owners of the property located at Block 51.57, Lot 1 Qualifier C0068 in Evesham Township (the "subject property") commonly known as 10 Sheffield Drive, Evesham Township, New Jersey. For the 2016 Tax Year the Subject Property

*

was assessed at $127,300. Defendant appealed the original tax assessment to the Burlington County Board of Taxation (the "Board"), and the appeal was heard on May 17, 2016. The Board issued a judgment reducing the assessment to $105,000.

Plaintiff filed a complaint appealing the Board's decision. Defendant filed an answer and counterclaim. Plaintiff then filed a motion for summary judgment. Defendant has not filed opposition to the motion.

II.    Legal Issues and Analysis

A.  Summary Judgment

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact challenged and the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). In Brill v. Guardian Life Ins. Co., 142 N.J. 520, 523 (1995), our Supreme Court established the standard for summary judgment as follows:

> [W]hen deciding a motion for summary judgment under Rule 4:46-2, the determination whether there exists a genuine issue with respect to a material fact challenged requires the motion judge to consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party.
>
> [Brill, 142 N.J. at 523.]

"The express import of the Brill decision was to 'encourage trial courts not to refrain from granting summary judgment when the proper circumstances present themselves.'" Township of Howell v. Monmouth Cnty. Bd. of Taxation, 18 N.J. Tax 149, 153 (Tax 1999) (quoting Brill, 142 N.J. at 541).

"[T]he determination [of] whether there exists a genuine issue with respect to a material fact challenged requires the motion judge to consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Ibid.

When the facts present "a single, unavoidable resolution" and the evidence "is so one-sided that one party must prevail as a matter of law," then a trial court should grant summary judgment. Ibid. "The party defending against a motion for summary judgment cannot defeat the motion unless it provides specific facts that show the case presents a genuine issue of material fact, such that a jury might return a verdict in its favor." School Alliance Ins. Fund v. Fama Constr. Co., 353 N.J. Super. 131, 135-136 (Law Div. 2001) (citing Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986)). All material facts submitted by the movant which are sufficiently supported are to be deemed admitted unless the other party specifically disputes such facts. See R. 4:46-2(b).

Moreover, Rule 4:46-5(a) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the pleading, but must respond by affidavits meeting the requirements of R. 1:6-6 or as otherwise provided in this rule and by R. 4:46-2(b), setting forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered, unless it appears from the affidavits submitted, for reasons therein stated, that the party was unable to present by affidavit facts essential to justify the opposition, in which case, the court may deny the motion, may order a continuance to permit additional affidavits to be obtained, depositions to be taken or discovery to be had, or may make such other order as may be appropriate.
>
> [R. 4:46-5(a).]

Here, Defendant failed to oppose Plaintiff's motion and presents no responding affidavits. Nonetheless, the court must detail its findings of fact and conclusions of law in a written or oral opinion. R. 1:7-4(a); R. 4:46-2(c).

> A motion judge is obligated 'to set forth factual findings and correlate them to legal conclusions. Those findings and conclusions must then be measured against the standards set forth in Brill v. Guardian Life Ins[.] Co. of Am[.], 142 N.J. 520, 540, 666 A.2d 146 (1995).' Great Atl. & Pac. Tea Co. v. Checchio, 335 N.J. Super. 495, 498, 762 A.2d 1057 (App.Div.2000). Neither the parties nor the appellate court is "well-served by an opinion devoid of analysis or citation to even a single case." Ibid.
>
> [Allstate Ins. Co. v. Fisher, 408 N.J. Super. 289, 299-300 (App. Div. 2009)]

The court therefore reviews the Plaintiff's submission to determine whether it has established a basis upon which relief can be granted. Plaintiff avers that prior to the Board hearing, its Assessor attempted to contact defendant and defendant's counsel to arrange for an inspection of the subject property but received no return calls in order to do so. At the Board hearing Plaintiff moved to dismiss the appeal due to defendant's failure to allow an inspection. The Board denied the motion and proceeded to the hearing. Defendant admitted evidence and was cross-examined. Plaintiff contended that defendant was not competent to present the testimony as to the valuation of the subject property and that the evidence presented was not competent. Plaintiff moved to dismiss for failure to prosecute which the Board denied. The Board then reduced the assessment.

Plaintiff now moves for summary judgment contending that the Board erred because the evidence submitted at the hearing was not sufficient to overcome the presumption of correctness of the assessment. Plaintiff contends that the Board should have dismissed for failure to prosecute.

N.J.S.A. 54:51A-1 provides that if the county board "dismissed [a petition] because of" the taxpayer's "failure to prosecute the appeal at a hearing called by the county tax board," then the Tax Court "shall" not "review" the county board's judgment to this effect. N.J.S.A. 54:51A-1(c).

However, if the petition was "dismissed without prejudice," then this court is not so precluded. Ibid. In VSH Realty, Inc. v. Township of Harding, 291 N.J. Super. 295, 301 (App. Div. 1996), the court observed that the Tax Court can, under N.J.S.A. 54:51A-1(c), "review de novo" a county board's dismissal of a petition, and "determine whether that dismissal was for lack of prosecution." While a total failure to appear is attendant with a "loss of the right to file a de novo appeal in the Tax Court," such a loss can also follow "where, for instance, there is an appearance but no evidence, much less insufficient evidence." Id. at 301. In the latter situation, the dismissal is warranted because lack of evidence "is the same as not appearing at all." Id. at 302. The court however emphasized that dismissals are "in general drastic," therefore should not be granted in "the absence of prejudice and unless the plaintiff's behavior is deliberate and contumacious." Id. at 300-01.

Here the Board did not dismiss Defendant's appeal for lack of prosecution. The Board accepted the evidence presented and reached a conclusion as to value. As a result of that conclusion, the Board reduced the assessment. It is the Board's determination to reduce the assessment that is before this Court, not the Board's decision not to dismiss the appeal for lack of prosecution.

That determination carries a presumption of correctness that must be overcome by credible evidence. Elrabie v. Borough of Franklin Lakes, 24 N.J. Tax 158, 173 (Tax 2008). It is a well-established principle that "[o]riginal assessments and judgments of county boards of taxation are entitled to a presumption of validity." MSGW Real Estate Fund, LLC v. Bor. of Mountain Lakes, 18 N.J. Tax 364, 373 (Tax 1998). "[D]efinite, positive and certain evidence in quality and quantity to overcome the presumption'" is required. Pantasote Co. v. City of Passaic, 100 N.J. 408, 413 (1985) (quoting Aetna Life Ins. Co. v. City of Newark, 10 N.J. 99, 105 (1952)).

"The presumption of correctness of a county board's tax assessment judgment stands, until sufficient competent evidence to the contrary is adduced." Little Egg Harbor Twp. v. Bonsangue, 316 N.J. Super. 271, 285-86 (App.Div.1998); Atlantic City v. Ace Gaming, LLC, 23 N.J. Tax 70, 98 (Tax 2006). Only after the presumption is overcome with sufficient evidence at the close of trial must the court "appraise the testimony, make a determination of true value and fix the assessment." Rodwood Gardens, Inc. v. City of Summit, 188 N.J. Super. 34, 38-39 (App.Div.1982) (citations omitted). If the court determines that sufficient evidence to overcome the presumption of the correctness of the assessment has not been produced, the assessment shall be affirmed and the court need not proceed to making an independent determination of value. Ford Motor Co. v. Township of Edison, 127 N.J. 290, 312 (1992); Global Terminal & Container Servs. v. City of Jersey City, 15 N.J. Tax 698, 703-04 (App.Div.1996).

The power to review County Board judgments by the Tax Court is performed de novo. Atlantic City v. Greate Bay Hotel And Casino, Inc., 16 N.J. Tax 486, 497 (1997). In this regard, the relationship of the Tax Court to local property assessments is unique. Ibid. In no other situation where there is an appeal from an administrative agency is there a trial *de novo* as opposed to a determination based on, or a review of, the record below. Id. Appeals from state agencies, except for the Division of Taxation, go to the Appellate Division. R. 2:2-3(a)(2) (appeals to the Appellate Division from final decisions or actions of any state administrative agency); R. 2:5-4(b) (agencies shall file a statement of the items comprising the record on appeal); N.J.S.A. 34:6A-18 (Worker Health & Safety Act Commissioners' rulings and orders can be appealed to the Appellate Division). Thus, the Court is not reviewing the County Board's Judgment but instead is making its own judgment as to the correct assessment value anew. Ultimately, under the "de novo review,

the Tax Court may determine a true value different from the original assessment, the County Board's assessment, or the taxpayer's valuation." <u>Pantasote Co. v. City of Passaic</u>, 100 N.J. at 416.

Defendant appeared at the hearing and presented evidence. That evidence was considered by the Board which then rendered its decision reducing the assessment. Once that decision as to the assessment was rendered, it was and is entitled to a presumption of correctness. It is not the court's province to review the evidence presented to the Board and determine whether its decision was based on competent evidence. Instead, the burden is on Plaintiff to present "sufficient, competent evidence to overcome the presumption, that is, to establish a true valuation of the property at variance with the assessment." <u>Riverview Gardens v. North Arlington Borough</u>, 9 N.J. 167, 175 (1952). That has not occurred. Plaintiff has presented no evidence of value to overcome the presumption of correctness. Thus the matter is not ripe for summary judgment.

III.    <u>Conclusion</u>

Plaintiff's motion for summary judgment is denied.

Very truly yours,

Kathi F. Fiamingo, J.T.C.